*W. V. Tyler* and *W. H. Davis*, for plaintiff in error.

---

## OWENS *v.* THE STATE.

EVANS, P. J. 1. Where the court defines direct and circumstantial evidence and gives an instruction, that, "before the jury would be authorized to convict upon circumstantial evidence alone, the proven facts must not only be consistent with the hypothesis of the defendant's guilt, but should exclude every other reasonable hypothesis save that of the guilt of the accused," the omission of the court to instruct in so many words that the defendant's guilt was sought to be established only by circumstantial evidence is not sufficient ground for new trial.

2. There was no error in receiving in evidence an affidavit made by one of the defendant's witnesses previously to the trial, which was contradictory of her evidence delivered at the trial; nor in instructing the jury that such affidavit should not be considered as evidence of any statement which it contained, but only as impeaching evidence, bearing on the credibility of that particular witness.

3. The charge on the prisoner's statement was in substantial accord with the statute; the evidence did not authorize an instruction on the law of voluntary manslaughter; the evidence supports the verdict, which has the approval of the trial judge.

*Judgment affirmed. All the Justices concur.*
DECEMBER 10, 1912.

Indictment for murder. Before Judge Roan. Fulton superior court. August 31, 1912.

*John W. Cox*, for plaintiff in error. *T. S. Felder, attorney-general, H. M. Dorsey, solicitor-general,* and *E. A. Stephens*, contra.