27160. McENTIRE v. KING.

DECIDED APRIL 1, 1939.

R. B. *Lambert,* for plaintiff in error.

T. F. *Bowden,* H. H. *Hamrick,* contra.

MacINTYRE, J. R. M. King filed suit in the municipal court of Atlanta, Fulton section, against R. L. McEntire doing business as R. L. McEntire Transfer and Storage Company, for damages to his automobile, resulting from being run into by the defendant's truck. Verdict and judgment were rendered in favor of the plaintiff. The defendant appealed to the appellate division of said court, and the judgment of the trial court was affirmed. To this judgment the defendant excepted.

R. L. McEntire testified in substance that he operated a transfer bus business, and that he employed Hines, a negro, to drive his truck. On the date of the collision the defendant sent Hines and Ware, another negro, to Forest Park, Georgia, to get some lumber. Ware was not employed to drive the defendant's truck but was a mere employee, and had been specifically forbidden to drive the truck a month or more before this date. Before their return from Forest Park, a Mr. Starr telephoned the defendant's office that the negroes were drunk and that he (Starr) refused to let them have the lumber. Hines and Ware came into the defendant's office about 3 o'clock that afternoon. Defendant could not tell that they were drinking, but he did get suspicious when Hines drove the truck back against a parked automobile and broke a lamp out of the automobile. The defendant then told the negro, Hines, to park the truck in front of the defendant's place of business and not to drive it anywhere else, and then he paid them off and let them go. He then went up town, after calling his son at his home to come by the office on his way back from Central Night School and pick up the truck and carry it home. He left the keys in the truck. He did not know that either of the negroes was drunk, but, because of the circumstances of the parking of the truck and the breaking of the glass out of the lamp of the parked automobile and because

of the telephone message from Mr. Starr, he forbade either of them to drive the truck or to have anything more to do with it. Hines was his driver of the truck and on a few occasions had driven the car home with him for the night. This was not a custom. Ware was not allowed to drive this or any other truck for him. He did not send him or either of them to Fort Street on the afternoon in question, and he had no business on Fort Street. The truck was standing in front of the defendant's place of business when he left to go home. He got home about 7 o'clock.

Ben Ware (colored) testified that he was now located near Alpharetta in the county chain gang. He was driving this truck on November 9, 1937, when it ran into the rear of Mr. King's car on Butler Street. He had been working for R. L. McEntire during the day but was not working for him at the time of the collision. He and a negro by the name of Hines had been to Forest Park, Georgia, for a machine, and on the way back they stopped at the Starr Lumber Company to get some lumber for Mr. McEntire but did not get the lumber. He did not know why. Hines was the regular driver of the truck. Witness was not allowed to drive the truck but was a "striker" or helper and went with Hines. They came back to McEntire's office at 20 Courtland Street and arrived there late that afternoon. *He and Hines delivered an adding machine after they came back from Forest Park.* [This was after Mr. Starr had telephoned that the negroes were drunk.] Mr. McEntire paid him off at this time for his day's work. He did not hear Mr. McEntire say anything to Hines about the use of the truck. He and Hines had been drinking. He did not know the time of day that he was paid off and when he assisted in the delivery of the adding machine, but it was pretty close to quitting time. After he had been paid off by Mr. McEntire Hines got into the truck and with witness went to Fort Street where Hines went into a house. Witness did not go into the house and did not know what Hines was doing there. Hines came out of the house and told witness to drive, and they started and came on to Butler Street and witness was driving the truck when it collided with Mr. King's automobile. Mr. Moore caught him at or near Fraser Street. He was not allowed by Mr. McEntire to drive the truck, and had not been allowed to drive it at the time he was caught, or for several weeks before the date of the collision, except once or twice when

Mr. McEntire sent him out. He was not working for Mr. McEntire at the time of the collision; he had been paid off for the day. He and Hines were not on Mr. McEntire's business at the time they went to Fort Street. Hines generally carried the truck home with him for the night. Hines was the regular driver of the truck. Witness was not the regular driver of the truck. He did not hear Mr. McEntire say anything to Hines or to him about staying off the truck. Mr. McEntire did not ask him for the keys to the truck. Mr. McEntire was in the office when he and Hines left with the truck. All the liquor that witness and Hines had was consumed before they left McEntire's place with the truck. He did not know if Hines had more liquor on Fort Street. When they returned from the Starr Lumber Company Mr. McEntire cursed them about being drunk.

Our Supreme Court, in *Fielder* v. *Davison,* 139 *Ga.* 509 (4) (77 S. E. 618), said: "If a chauffeur, while not engaged in the prosecution of his master's business, and without the knowledge or consent of the master, and against his instructions, takes the automobile of the latter for the purpose of taking a ride for his own pleasure, and while so engaged negligently injures a person on the street, the master will not be liable." See also *Royal Undertaking Co.* v. *Duffin,* 57 *Ga. App.* 760 (196 S. E. 208); *Reddy-Waldhauer-Maffell Co.* v. *Spivey,* 53 *Ga. App.* 117 (185 S. E. 147). As to subagent, see *Samples* v. *Shaw,* 47 *Ga. App.* 337, 338 (3) (170 S. E. 389). The undisputed evidence in the instant case was that the truck was not, on the occasion in question, being run for the purpose of the owner, McEntire, but for the purposes of Hines and Ware. This being true, the doctrine of respondeat superior does not apply, and the negligence of the servant or agent can not be imputed to his master. There is no liability under the doctrine of master and servant.

The only allegations of negligence set forth in the plaintiff's petition in the instant case are as follows: "That at said time the truck was being operated by the said Ben Ware with the knowledge, consent, and approval of defendant, and about the business of defendant, and within the scope of the servant's employment. That at said time the driver of said truck was under the influence of intoxicating liquor, which fact was known to defendant. That defendant was negligent in the following particulars, to wit: (a)

In operating said truck, through his said driver, in the negligent and reckless manner as aforesaid. (b) In driving said truck, through said employee, into and against plaintiff's parked automobile. (c) In permitting said employee to drive said truck while under the influence of intoxicating liquors."

"It follows from the foregoing that when a petition sets forth general allegations of negligence, which are followed by an averment of a specific act of negligence, there can be no recovery by the plaintiff unless the specific act of negligence is established to the satisfaction of the jury." *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837 (47 S. E. 329); *Lawrence* v. *Ga. Ry. & Electric Co.*, 9 *Ga. App.* 309 (71 S. E. 593). We express no opinion as to what would have been the liability of the defendant if the negligence charged had been the combined negligence of the owner, in failing to use due care in preventing an intoxicated person from using his automobile, and the negligence of the intoxicated driver (whom the defendant, the owner, ought to have known or anticipated would have taken and used his car for his own purposes, contrary to the owner's orders) in driving the car. However, it seems to us that under the above-quoted allegations of negligence from the plaintiff's petition, the plaintiff can only recover, if at all, under the doctrine of master and servant or employer and employee; and having held in the instant case that there is no liability under this doctrine, the judgment must be

*Reversed. Broyles, C. J., and Guerry, J., concur.*