### 34067. PALMER *v.* JACKSON.

DECIDED JULY 16, 1952—REHEARING DENIED JULY 29, 1952.

*Joseph G. Collins, Edwards & Underwood,* for plaintiff in error.

*Telford, Wayne & Smith, B. Frank Whelchel,* contra.

WORRILL, J. (After stating the foregoing facts.)   1. The first special ground of the motion for new trial as amended (numbered 1) complains because the court refused to allow a witness to testify as to certain information regarding the location of the line in controversy, which information was obtained from a person to whom the witness was referred by one not a party to the present action.   The testimony was rejected on the objection that it was hearsay, and it is contended by the movant that it was admissible under the Code, § 38-405 (1), which provides that "The admissions by third persons, strangers to the suit, shall be received in evidence: 1. When a party refers another to such third person for information."   Obviously the exception to the hearsay-evidence rule mentioned in the Code

section relied upon relates only to an instance where a *party* to a suit refers one to another for information. The witness was not referred to another by a party to the present action, and this ground is clearly without merit.

■ Special ground 2 contends that a new trial should be granted because the evidence shows that the processioners and surveyor, contrary to law, made and marked a new line. Special ground 3 contends that the evidence is substantially the same as on the former trial, the judgment in which was reversed by this court in *Palmer* v. *Jackson*, 82 *Ga. App.* 702 (62 S. E. 2d, 366), and that the previous decision is thus the law of the case, and, furthermore, a new trial should be granted on the general grounds.

The question at issue was as to the correct dividing line as originally run between the two tracts of land of the parties hereto. As pointed out in the opinion on the former appearance of the case before this court, the duty of the processioners, together with the county surveyor, was to retrace and mark anew the established line, and not to run a new line. The former judgment was reversed for the reason that the verdict in favor of the applicant, Clifford Jackson, sustaining the line set up in the return of the processioners, was unauthorized under the law and the evidence. It is agreed between the parties that the line, running from east to west generally, begins at a rock on the road near Willie Palmer's barn; that it runs to a point or call which is in dispute; that from such second point it runs to a black jack tree, and then runs to a gum tree near a creek. It was contended by the applicant that from the rock the line was originally run to a pine tree upon which certain hacks were made, three on the east side of the tree and three on the south side. Palmer, the protestant, claimed that the processioners entirely missed the true second point, which was a pine tree marked with a cross and three hacks and was about 250 feet south or southeast of the point claimed by Jackson. There was evidence on behalf of the applicant on the former trial, and also on the last trial that the line was originally run from the rock corner to one of three pine trees as the second call or point, but that the trees had been cut down and only three stumps remained, and there was no physical evidence which definitely

showed which of the three stumps was the stump of the tree which had been marked as being on the line. There were no marks otherwise fixing the line with reference to the second call or point, and it appeared from the evidence that the processioners had set up the line at one of the stumps as a mere guess or compromise; and for this reason the judgment was reversed as founded on a verdict not authorized by the evidence. Luther Jackson, father of the applicant, testified that he and another ran the line at the request of the former owner, who wished the tract divided into two equal parts, but as the marked tree had been cut down, he was not certain which was the stump of such marked tree but thought it was the one used by the processioners in tracing the line. On the last trial, however, he testified as follows: "Back to the west of the road me and John [Brown] walked from the rock corner straight to the big pine, and John Brown hacked that three times on the east and three times on the south. That was the line we established there. That line tree is not still there. I have been to the place where the line tree was, a few days ago, been there several times. I found that large stump there. That line tree was not there when the processioners run the line between the Clifford Jackson and Willie Palmer property. The stump was there at that time. There were three there. One stump is 15 feet east of the big stump and the other was in 12 or 15 feet northeast of that stump on Willie Palmer's side of the big one. The tree we originally marked out was the largest compared with the trees located where the other two stumps are. The processioners undertook to run this line once and made no report of that and then ran it a second time. The second time they ran it is the time they ran it and made their report to the court. They run from the rock on the road the second time they ran—the time they ran it and reported to the court—to the big stump. That was the line we laid out originally when the property was divided. From there we walked down the hill, walked between a black jack and post oak and they marked these trees—never been in the deed, but the deed calls for the other trees, but never called for that, and from there on to the black gum on the original line, three hacks on that."

The witness was cross-examined as to his testimony on the

former trial to the effect that he was not certain which of the three stumps was the stump of the tree which had been marked, and did not deny that he had so testified. Nevertheless, his testimony on the last trial, if believed by the jury, was sufficient to authorize the verdict in favor of the applicant, Clifford Jackson. While the evidence on the former trial was admissible for the purpose of impeachment, it was not conclusive and absolutely binding upon the witness on the last trial, but the conflict between that and his later testimony goes only to his credibility as a witness. *Tarbutton* v. *Duggan*, 45 *Ga. App.* 31 (3) (163 S. E. 298). See also *Owens* v. *State*, 139 *Ga.* 92 (76 S. E. 860); *Waycaster* v. *State*, 136 *Ga.* 95 (3) (70 S. E. 883); *United Motor Freight Term. Co.* v. *Hixon*, 78 *Ga. App.* 638 (7) (51 S. E. 2d, 679). Although the evidence on the last trial was substantially the same as that on the former trial with the exception of the testimony of the witness, Luther Jackson, his testimony, together with the undisputed evidence as to the other corners, was sufficient to authorize the verdict and judgment in favor of the applicant, Clifford Jackson. It is true that the course of the entire line had not been physically marked at the time the line was set up by the processioners, but the corners being established, if the jury believed the witness, Luther Jackson, as indicated by their verdict, the line was correctly set up, inasmuch as the mere connecting of the corners by straight lines would suffice to identify it. See *Byrd* v. *McLucas*, 194 *Ga.* 40 (20 S. E. 2d, 597).

Special grounds 2 and 3 were without merit for the reasons above stated with reference to the general grounds of the motion for new trial as amended.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*