37260, 37272. HARMON *v.* SOUTHWELL *et al.;* and *vice versa.*

DECIDED SEPTEMBER 16, 1958—
REHEARING DENIED OCTOBER 3, 1958.

*E. W. Highsmith, J. H. Highsmith, C. Winton Adams, Anthony A. Alaimo,* for plaintiff in error.

*Blount & Gibson, Lamar Gibson, Carroll Russell, L. J. Bennet, Bennet, Gilbert, Gilbert & Whittle,* contra.

TOWNSEND, Judge. ■ It is contended by demurrer that the defendants could not have been "jointly and concurrently" negligent in abandoning the truck on the highway in the face of approaching darkness without lights, flares or warnings, for the reason that Southwell and the driver were independent contractors and one or the other, but not both, must therefore have been in charge of the vehicle at the time. We deal only with

this allegation of negligence because (a) Southwell had no part in the original act of stopping the vehicle on the highway, and (b) the evidence demands a finding that Southwell's employee did not fail to exercise ordinary care in having it removed, for the reason that the men, when they returned, were unable to crank the truck and move it under its own power. In regard to lights, Code § 68-1668 (b) contains the following: "Provided, however, the driver or person in charge of such vehicle shall cause such vehicle to be removed from the roadway as promptly as possible; and if such vehicle becomes disabled after sunset, in that event prior to the time it is removed from the highway, the driver or person in charge shall give a signal by lights or flares or both of the presence of such disabled vehicle on the highway." The petition here shows that the driver, Bennett, was in general charge and control of the truck, and that Southwell, through his employee Willingham, was in specific charge of it for the purpose of removing it from the road and repairing it. Each, therefore, had the legal obligation resting upon himself to see that it was not left unmarked and unattended to the injury of others. Both men were present, and neither assumed authority over the truck to the exclusion of the other, so as to offer the other a legal excuse for failing to do that which the law required of him. Accordingly, each defendant was guilty of the same act of negligence under the facts alleged here, and the negligence was concurrent so as to permit both to be joined in the action. The trial judge did not err in overruling the demurrers to the petition.

■ On the trial the contributory negligence of the plaintiff's deceased husband was drawn sharply in issue. The court charged: "If a person is negligent, and his negligence results in injury to another person, yet if that other person is also negligent at the same time, and his negligence concurs with the negligence of the person whose negligence causes the injury, and concurring with it contributes to the injury so that it becomes the proximate and immediate or direct cause so that he would not have been injured if he had not himself been negligent, although the other party may also have been negligent, under these circumstances the law would not allow him to recover damages for his injury from the

other party." This charge is erroneous in that it confuses the following principles of law: "(1) that no recovery can be had if a defendant was negligent but where the plaintiff's own negligence was the proximate cause of the injury; (2) that, where the injured person and the defendant were both guilty of concurring negligence proximately causing the injury, the plaintiff cannot recover if the negligence of the injured person was equal to or greater than that of the defendant; (3) that, if the injured person and the defendant were both guilty of contributing acts of negligence proximately causing the injury, and the injured person's negligence was less than the defendant's, the plaintiff could still recover but the recovery must be diminished by the proportion attributable to the injured person." *Brooks* v. *Wofford,* 88 *Ga. App.* 731, 732 (77 S. E. 2d 563) and citations; *Johnson* v. *Roberson,* 88 *Ga. App.* 548 (8) (77 S. E. 2d 232).

It is unfortunate that this charge has found its way into the charge books of many trial judges. It is in fact a correct charge of the principle of law of contributory negligence as recognized in many States where the comparative negligence doctrine does not obtain, and was apparently taken from Wilson *v.* Southern Ry., 73 S. C. 481 (53 S. E. 968). The rule in such States is that negligence of the plaintiff contributing to any extent to the proximate cause of injury will defeat recovery. In this State negligence of the plaintiff must be equal to or greater than that of the defendant to defeat recovery, except that lack of ordinary care in discovering and avoiding the negligence of the defendant after such negligence is or should have been known will defeat recovery regardless of its ratio to the defendant's negligence.

■ The court correctly charged: "The plaintiff cannot recover against any defendant whose negligence, if any, Harmon equalled or exceeded." He also charged "Actionable negligence arises from a breach of a legal duty by failure to observe due care, such breach proximately causing the injury." Since the case is reversed on another ground, it is unnecessary to decide whether these excerpts were sufficiently connected to enable the jury to consider them in connection with each other. This court held in *Jackson* v. *Matlock,* 87 *Ga. App.* 593 (4) (74 S. E. 2d 667): "The trial court erred in charging that, if the jury should find

that the plaintiff and the defendant were equally negligent, the plaintiff would not be entitled to recover, without instructing the jury in connection therewith that the negligence of the plaintiff which would bar his recovery under such rule must have proximately contributed as a cause of the injury received by the plaintiff. Mere negligence on the part of the plaintiff would not bar a recovery for injuries received as a result of the negligence of the defendant unless such negligence of the plaintiff proximately caused or contributed as a proximate cause to the injury sustained."

■ The complaint that the verdict in favor of the defendant Southwell and against the plaintiff shows bias and prejudice is without merit. While the case as to Bennett was in default and the plaintiff would have been entitled to a charge finding a verdict against Bennett and in his favor in some amount for that reason, the evidence presented a jury question both on the question of whether Southwell's negligence proximately caused the injuries received and whether negligence on the part of plaintiff's husband barred her from recovery.

The trial court erred in denying the motion for new trial.

*Judgment reversed on main bill of exceptions. Judgment affirmed on cross-bill. Gardner, P. J, and Carlisle, J., concur.*