38196. WESTERN & ATLANTIC RAILROAD *v.* DALTON.

DECIDED APRIL 5, 1960.

*Mitchell & Mitchell, Robert L. Vining, Jr.,* for plaintiff in error.

*Stafford R. Brooke,* contra.

GARDNER, Presiding Judge. 1. It is undisputed that there was a question of fact involved for the determination of the jury. The defendant contends in special ground 1 that the court erred in charging as follows: "I charge you that the negligence of the train crew in the actual killing of the calf under the evidence in this case would not be considered by you, because under the rules of law, the court is not letting that part of it go to the jury. The court is holding that the train crew itself was not negligent in the operation of the train at the actual time that the bull calf was killed, and the court so instructs you that under the evidence in this case they would not be liable in that respect. However, I charge you that if you believe in this case that the defendant railroad company moved the fence of the plaintiff, and that in so moving it that it was negligently done, and that in so moving the fence it was left with defects in it to where by the exercise of ordinary care the plaintiff in this case, Mr. Dalton, could not have avoided the negligence of the defendant, and the calf thereafter walked through the fence and was killed by the railroad train, if you believe those facts to exist, then the railroad company would be liable for the fair market value of the calf. If you do not believe that the railroad company moved the fence, or you believe they moved the fence and did not do so negligently, and did not leave it in a defective condition, then the railroad company would not be liable in this case." In this special ground the movant contends that this charge was erroneous and not sound as an abstract principle of law because the court failed to charge the jury as to whether or not the alleged negligence on the part of the defendant was the proximate cause of the damage sustained by the plaintiff. In *Georgia R. & Bkg. Co.* v. *Cook,* 94 *Ga. App.* 650 (6) (95 S. E. 2d 703) this court held: "A charge under which the jury is authorized to find in favor of the plaintiff if any al-

leged act of negligence on the part of the defendant is proved, regardless of whether such negligence was a part of the proximate cause of the injuries received, is error." See also *Alabama Midland Ry. Co.* v. *Guilford*, 114 *Ga.* 627 (4) (40 S. E. 794), *Sprayberry* v. *Snow*, 59 *Ga. App.* 744, 746 (1 S. E. 2d 756), and *Benton Rapid Exp.* v. *Sammons*, 63 *Ga. App.* 23 (10 S. E. 2d 290).

In *Jackson* v. *Matlock*, 87 *Ga. App.* 593 (74 S. E. 2d 667) and *Harmon* v. *Southwell*, 98 *Ga. App.* 261 (105 S. E. 2d 596) it is held error to charge on contributory negligence of the plaintiff without *in connection therewith* charging that such negligence must be a part of the proximate cause. From these cases it may be stated that any time the court gives a charge on negligence, whether of the plaintiff or defendant, in such language that the jury is not given to understand that the negligence referred to is negligence which is a part of the proximate cause of the injuries received, such charge is error.

In the present case the court charged: "I charge you that negligence to be the basis of a recovery must be the proximate cause of the injury or damage claimed, and in that connection, I charge you that proximate cause is that which by a natural and continuous sequence, unbroken by any new cause, produces an event, and without which the event would not have occurred. An act of negligence to be the proximate cause of an injury must be such that a person of ordinary caution or prudence would have foreseen that some injury claimed would result therefrom." The next sentence of the charge states that the defendant must prove one act at least of negligence as set out in the petition. Immediately following this is the charge of which complaint is made.

It is only necessary to decide whether the court has charged "in connection with" the charge complained of on negligence that the negligence referred to is negligence which is a part of the proximate cause. What the court did was to define negligence as negligence which is "the proximate cause of the injury or damage claimed," immediately following which he set out the rules of law relating to negligence, and it is inescapable that he meant the negligence which he had just defined, that is, negligence which was the proximate cause of the injury, and that the jury so understood it. Applying the rule that the instruction com-

plained of must be considered with the charge as a whole, it cannot be said that "in connection with" his instruction on negligence the court did not charge proximate cause. Since all three of the special grounds deal with this excerpt from the charge, we think the special grounds are without merit.

Special ground 2 assigns error on the charge for the additional reason that there was no evidence to support it. Since the excerpt complained of refers only to acts of negligence on which the plaintiff relies for recovery, and since the defendant has by brief conceded that there is sufficient evidence in the record to support a verdict as against the general grounds, and concedes that the jury could have determined that the negligence alleged was the proximate cause of the injury complained of, this contention is without merit.

There is no reversible error in the excerpt from the charge on which complaint is made when it is considered with that portion of the instructions preceding it so closely that the two must be said to have been given "in connection with" each other.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*