38361. POWELL et al. v. MAULDIN.

TOWNSEND, Judge. 1. Negligence of the defendant in a tort action which is not a part of the proximate cause of the plaintiff's injury will not support a recovery. It is accordingly error for the court to instruct the jury that, should they believe the defendant was negligently operating a motor vehicle and the plaintiff was exercising ordinary care, they should find in favor of the plaintiff, and also to instruct them that, should they believe the defendant Delton Powell guilty of negligence they should find in favor of the plaintiff against such defendant irrespective of their verdict in regard to the defendant Dennis Powell, the court not instructing the jury in connection therewith that negligence of the defendants or either of them which would authorize a verdict in favor of the plaintiff under such rules must have proximately contributed as a cause of the injury received by the plaintiff. *Jackson v. Matlock*, 87 Ga. App. 593 (4) (74 S. E. 2d 667). Such omission will require a reversal except in those instances where a charge on proximate cause has been given in such close relation to the charge on negligence that it is obvious that the jury must have understood that the negligence referred to in the excerpt from the charge complained of was in fact negligence proximately causing the injuries received. See *Harmon v. Southwell*, 98 Ga. App. 261 (3) (105 S. E. 2d 596); *Noland v. England*, 101 Ga. App. 306 (4) (113 S. E. 2d 649). Except for a passing reference thereto in stating the contentions of the parties, the court made no reference anywhere in the charge to the doctrine of proximate cause, save in defining actionable negligence, which definition very remotely preceded the instructions complained of. Nor did the

court anywhere state that the "actionable negligence" which he defined was that same negligence which he referred to later in the charge, and it is extremely doubtful that a jury of laymen would have understood from such reference that they should understand all subsequent references to "negligence" as meaning that negligence on the part of either party which caused or proximately contributed to the injuries received. Accordingly, under the ruling in *Jackson v. Matlock*, 87 Ga. App. 593, supra, special grounds 5 and 6 of the motion for new trial were meritorious.

2. The plaintiff's case was laid on the theory that his injuries, suffered in a collision, were proximately caused by the manner in which the defendant Delton Powell, Jr., operated a farm tractor owned by his grandfather Dennis Powell, and that the latter was liable under the doctrine of respondeat superior because Delton Powell, Jr., was at the time within the scope of his employment by his grandfather in driving the farm tractor, the operation of which caused the plaintiff's injuries. On the motion of Dennis Powell for a judgment notwithstanding the verdict the sole issue is whether the evidence authorizes a finding that such relationship existed. If not, mere ownership of the tractor by Dennis Powell would not be sufficient to sustain a judgment against him. *Cooley v. Tate,* 87 Ga. App. 1 (73 S. E. 2d 72).

The disputed evidence shows that Delton Powell, Jr., was 22 years old, lived with his father in Worth County and helped his father in the latter's farm operations. Dennis Powell lived on a farm in Colquitt County, and had recently purchased a new farm three to six miles away and planned to move in a week or so. On the day in question Delton Jr., and his parents went to visit Dennis Powell at his residence and learned that he was over at the new place. Dennis Powell had a farm tractor in the yard, and Delton, Jr., and another grandson, decided to use this method of conveyance to go over to see the new farm. There was a trailer bolted to the farm tractor, on which were piled some plow tools, wire and fence posts or boards. Dennis Powell testified that he had no need for this equipment at the new farm, and Delton, Jr., testified that he did not even know what was in the trailer, but had been unable to remove it before starting out because he had no wrench. Delton, Jr., had never worked for his grandfather, did not live with him, was doing no act for the bene-

fit of his grandfather, and his grandfather had not given him permission to drive the tractor and in fact had no idea that he was in the vicinity. There is no issue as to the family purpose car doctrine being involved, but the plaintiff lays his case on the contention that the circumstances show an agency relation between Delton, Jr., and his grandfather, the circumstances being sufficient to show that the act of Delton, Jr., was for the benefit of his grandfather because the material loaded on the trailer was desired by the grandfather to be brought to the new residence, although the latter denied this fact. That part of *Code Ann.* § 68-301 which makes the owner of a motor vehicle responsible for injury resulting from negligence in its operation if the vehicle is being operated for the benefit of the owner, even though without his knowledge, was declared unconstitutional in *Frankel v. Cone,* 214 Ga. 733 (107 S. E. 2d 819). There being no evidence, direct or circumstantial, sufficient to authorize an inference that Dennis Powell knew of or consented to his farm tractor being driven by his grandson on the occasion in question, and no evidence as to course of conduct from which such consent could be implied, the verdict against Dennis Powell was wholly without evidence to support it. As to this defendant it was error to deny the motion for a judgment notwithstanding the verdict. It was error to deny the motion for new trial as to the defendant Delton Powell, Jr. It was also error to deny the motion for judgment notwithstanding the verdict as to the defendant Dennis Powell. Direction is given that, on the return of the remittitur of this court to the trial court, judgment be entered for the defendant Dennis Powell in accordance with his motion for a directed verdict.

*Judgment reversed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*

DECIDED OCTOBER 4, 1960—REHEARING DENIED OCTOBER 19, 1960.

*Robert B. Williamson,* for plaintiff's in error.
*Ford & Houston,* contra.