45040.   BROWN v. SHEFFIELD.

ARGUED JANUARY 9, 1970—DECIDED FEBRUARY 26, 1970—
REHEARING DENIED MARCH 13, 1970—

*Moore & Moore, Whelchel & Whelchel, Hoyt H. Whelchel, Jr.,* for appellant.

*James M. Collier,* for appellee.

EBERHARDT, Judge. ■ The evidence as to the relationship between Tuggle, the driver of the tractor, and Brown, the owner, was that Tuggle was allowed to live in a house on Brown's farm, rent free, and that when Brown was in need of his services as a laborer he employed him on a day-to-day basis, paying him by the day when he worked. A part of the labor performed when he worked involved the operation of a farm tractor, and he had operated it on many occasions. Brown had allowed him to use the tractor in going to a store for the purchase of groceries for himself and his mother. However, he asserted that on Friday prior to the occasion of the collision here involved he had instructed Tuggle not to drive the tractor to the store or to use it otherwise without prior permission or direction because the tractor was becoming worn and Brown felt that the added driving or use was harmful to it.

The collision occurred on a Sunday and on that day he was

doing no work of any kind for Brown. He took the tractor and went to the store "to get some Anacins for mama," as he testified. Brown testified by affadavit that he "had not given Richard Tuggle permission to use my tractor, nor was he on any business of mine or at the time in my employment," and that his use of the tractor on the occasion of the collision "was the only time to my knowledge that he ever disobeyed my instructions" not to use it without prior permission. There was no other evidence of employment.

As to Count 1, denial of the motion for summary judgment was error. *Price v. Star Service &c. Corp.*, 119 Ga. App. 171 (166 SE2d 593), and citations; *Fielder v. Davison*, 139 Ga. 509 (4) (77 SE 618); *Lafitte v. Schunamann*, 19 Ga. App. 799 (92 SE 295); *Eason v. Joy Floral Co.*, 34 Ga. App. 501 (130 SE 352); *Reddy-Waldhauer-Maffett Co. v. Spivey*, 53 Ga. App. 117 (2) (185 SE 147); *Royal Undertaking Co. v. Duffin*, 57 Ga. App. 760 (196 SE 208); *Nicholas v. Callaway*, 72 Ga. App. 41 (32 SE2d 836); *Johnson v. Webb-Crawford Co.*, 89 Ga. App. 524 (80 SE2d 63); *Powell v. Mauldin*, 102 Ga. App. 606 (117 SE2d 234); *Brennan v. National NuGrape Co.*, 106 Ga. App. 709 (128 SE2d 81); *Brawner v. Martin & Jones Produce Co.*, 116 Ga. App. 324 (157 SE2d 514); *Ga. Power Co. v. Kendricks*, 117 Ga. App. 129 (159 SE2d 303); *Marketing Sales Industries of Ga. v. Roberts*, 118 Ga. App. 718 (165 SE2d 319). And see *Jones v. Dixie Ohio Express*, 116 Ga. App. 155, 156 (156 SE2d 388).

■ ■ In Count 2 the theory of the action is that of negligent entrustment, as to which see generally, *Willis v. Hill*, 116 Ga. App. 848 (159 SE2d 145), and citations (reversed on other grounds in 224 Ga. 263 (161 SE2d 281)); *Young v. Kickliter*, 213 Ga. 42 (96 SE2d 605); *Chattanooga Publishing Co. v. Fulton*, 215 Ga. 880 (114 SE2d 138); *NuGrape Bottling Co. v. Knott*, 47 Ga. App. 539 (171 SE 151); *Ficklen v. Heichelheim*, 49 Ga. App. 777 (6) (176 SE 540); *Crisp v. Wright*, 56 Ga. App. 338 (192 SE 390); *Graham v. Cleveland*, 58 Ga. App. 810 (2) (200 SE 184); *Holt v. Eastern Motor Co.*, 65 Ga. App. 502 (15 SE2d 895); *Burks v. Green*, 85 Ga. App. 327 (69 SE2d 686); *Gay v. Healan*, 88 Ga. App. 533 (4) (77 SE2d 47); *Windsor v.*

*Chanticleer & Co.*, 89 Ga. App. 116 (78 SE2d 871) ; *Caskey v. Underwood*, 89 Ga. App. 418 (79 SE2d 558) ; *Medlock v. Barfield*, 90 Ga. App. 759 (84 SE2d 113) ; *Garver v. Smith*, 90 Ga. App. 892, 896 (84 SE2d 693) ; *Healan v. Powell*, 91 Ga. App. 787 (87 SE2d 332) ; *Mason v. Powell*, 92 Ga. App. 496 (88 SE2d 734) ; *Jones v. Dixie Drive It Yourself System*, 97 Ga. App. 669 (104 SE2d 497) ; *Hines v. Bell*, 104 Ga. App. 76 (4) (120 SE2d 892) ; *Marques v. Ross*, 105 Ga. App. 133, 138 (123 SE2d 412) ; *McKinney v. Burke*, 108 Ga. App. 501 (133 SE2d 383) ; *Roebuck v. Payne*, 109 Ga. App. 525 (2) (136 SE2d 399) ; *Lee v. Swann*, 111 Ga. App. 88 (140 SE2d 562) ; *Porch v. Wright*, 116 Ga. App. 138 (156 SE2d 532) ; *Saunders v. Vikers*, 116 Ga. App. 733 (5, 6, 7) (158 SE2d 324) ; *Ditmyer v. American Liberty Ins. Co.*, 117 Ga. App. 512, 520 (160 SE2d 844) ; *Jones v. Cloud*, 119 Ga. App. 697 (168 SE2d 598) ; and see R. J. Reynolds Tobacco Co. v. Newby, 145 F2d 768.

Defendant testified that Tuggle had been driving tractors for some time and had driven this tractor on numerous occasions in doing plowing, harrowing, etc., on the farm, and had driven it to town on one occasion to get repairs made, had occasionally driven it to the store for purchasing groceries, and that he had observed that Tuggle was a capable and competent driver.[1] He had never known him to have an accident or a collision while driving a tractor before this occasion. While he did not regard Tuggle as being a "bright" person, he did regard him as being competent in the matter of tractor driving, farm work and the like. Tuggle's testimony was to the same general effect.

As was held in *Young v. Kickliter*, 213 Ga. 42, supra; *Chattanooga Publishing Co. v. Fulton*, 215 Ga. 880 (3), supra; *Mason v. Powell*, 92 Ga. App. 496, supra; *Hines v. Bell*, 104 Ga. App. 76, supra; *Marques v. Ross*, 105 Ga. App. 133, 139, supra; *Roe-*

---

[1]Quaere: Since an allegation that one is a "careless driver" or that he "is not a reliable or careful driver" is held to be one of ultimate fact and not a conclusion of the pleader (*Porch v. Wright*, 116 Ga. App. 138 (4), supra), does it follow that testimony that one is a capable and competent driver is likewise as to an ultimate fact and not a conclusion of the witness?

*buck v. Payne,* 109 Ga. App. 525 (2), supra; *Lee v. Swann,* 111 Ga. App. 88, supra, and others, knowledge of the driver's incompetency is an essential element of the rule which holds an owner liable for furnishing his motor vehicle to an incompetent driver, and such knowledge must be actual rather than constructive.

If there is any evidence in this record that could be said to indicate that there may be a jury question as to whether Brown had any knowledge of Tuggle's incompetency as a tractor driver, it must be found in the testimony of Mrs. Patsy Campbell.

Mrs. Campbell had worked for Brown as a secretary during a portion of the time when Tuggle lived on the place and worked as a day laborer when needed.

Defendant's attorney obtained from Mrs. Campbell a statement which she typed out herself, but did not sign, asserting, inter alia, that "For a number of months prior to August, 1966, I knew Richard Tuggle and had occasion to observe his conduct and the handling of various tractors in this community. At no time did I observe Tuggle handling or driving tractors in a dangerous or reckless manner. At no time did I warn or caution Harold Brown that Rich Tuggle's use of tractors was likely to result in injury or damage because of Tuggle's reckless or negligent misuse of said tractors. In fact, my only concern was that Mr. Brown's property be protected from excessive use by Tuggle, since I realized that Tuggle's use of the tractor for personal purposes would wear out the tractor. Also, there would be added expense to Mr. Brown of gas and oil, for which Tuggle was not likely to reimburse Mr. Brown."

Afterward, plaintiff's attorney prepared an affidavit to be signed by Mrs. Campbell for use in opposing defendant's motion for summary judgment in which it was stated that when she worked for Mr. Brown he stated to her on several occasions that he knew that Tuggle was mentally retarded and that he frequently had blackout spells, that he had no license to operate a vehicle on the highway and that he had several times tried to help him get a driver's license but without success, and that on many occasions she had warned Brown not to allow Tuggle to drive the tractor and that it was dangerous for him to do so;

that Brown replied that he knew this to be true but that nevertheless he continued to permit Tuggle to operate it. She had observed Tuggle operating the tractor on the highway and on Sundays in an unsafe manner and had reported it to Brown, and that Brown stated he knew that Tuggle was driving the tractor on Sundays.

She appeared at the hearing on the motion and asked permission of the court to withdraw her affidavit, saying that it was not correct in its statement of the facts and that she had, without reading it, signed it when counsel presented it to her. The judge did not allow her to withdraw the affidavit, but did allow her to give testimony in which she repudiated the affidavit, saying that she signed it without reading it because she had confidence in counsel and had assumed that he had prepared it in accordance with a statement that she had previously given to him, and which was similar to that typed for defendant's attorney.

If the affidavit could be put in evidence on trial of the case as proof of the facts stated in it, it would of course, make a factual issue. But it can be put in evidence only for the purpose of impeachment of Mrs. Campbell—not as proof of the facts stated in it. *Central R. & Bkg. Co. v. Maltsby*, 90 Ga. 630 (4) (16 SE 953); *Watts v. Starr*, 86 Ga. 392 (12 SE 585); *Rutland v. State*, 28 Ga. App. 145 (4, 5) (110 SE 634); *Owens v. State*, 139 Ga. 92 (2) (76 SE 860); *United Motor Freight Terminal Co. v. Hixon*, 78 Ga. App. 638 (7) (51 SE2d 679). It simply goes to the credibility of the witness. *Ga. Power Co. v. Jones*, 54 Ga. App. 578, 590 (188 SE 566).

Assuming that the affidavit, even with the explanation made by the witness, is sufficient completely to discredit her or to impeach her in the eyes of the jury, what is the result? There is no other witness who testifies to any fact or circumstance that shows any knowledge of Mr. Brown that Tuggle was in any wise an incompetent tractor driver.

In that situation a directed verdict would be proper. But the matter is now on summary judgment, and in that posture the affidavit itself is admissible under *Code Ann.* § 81A-156, and a question of credibility as well as of substantive fact immediately arises

which cannot be resolved on summary judgment. *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *Southern Bell T. & T. Co. v. Beaver,* 120 Ga. App. 420 (3) (170 SE2d 737); Dyer v. MacDougall, 201 F2d 265 (12 FRD 357); Whitaker v. Coleman, 115 F2d 305, 306; Sartor v. Arkansas Natural Gas Corp., 321 U. S. 620 (64 SC 724, 88 LE 967); Chapman v. Hawthorne Flying Service, 287 F2d 539, 541.

█ The mere fact that Brown knew, if he did, that Tuggle did not have a driver's license authorizing him to drive vehicles on the highway would not charge Brown with any knowledge of incompetency on the part of Tuggle as a tractor driver. Exempt from the license requirement is "Any person driving or operating a farm tractor or implement, temporarily operated or moved on the highway, and not used for the purpose of hauling farm produce to market." *Code Ann.* § 92A-402 (2). It does not appear that Tuggle's operation of Brown's tractor would require an operator's license. Cf. *Seaboard C. L. R. Co. v. Zeigler,* 120 Ga. App. 276 (4) (170 SE2d 60).

█ Mr. Brown asserted in his affidavit that on Friday before the Sunday when the collision occurred he had expressly instructed Tuggle not to use or drive the tractor without prior permission or direction from him, his reason being that he felt that the added use of the tractor was wearing and not good for it.

If the tractor was being operated by Tuggle contrary to instruction given him by Brown, or without his knowledge and consent, Brown could not be held for injuries inflicted in its unauthorized use, even under the theory of negligent entrustment, for entrustment involves a conscious approval or allowance by the owner of the operation of the vehicle by the party who operated it at the time in question. *McIntire v. Hartfelder-Garbutt Co.,* 9 Ga. App. 327 (71 SE 492); *Fielder v. Davison,* 139 Ga. 509 (4), supra; *Lafitte v. Schunamann,* 19 Ga. App. 799, supra; *Garner v. Souders,* 20 Ga. App. 242 (92 SE 965); *Gillespie v. Mullally,* 30 Ga. App. 118 (117 SE 98); *McEntire v. King,* 59 Ga. App. 865 (2 SE2d 195); *Hodges v. Seaboard Loan &c. Assn.,* 61 Ga. App. 443 (6 SE2d 133); *Brawner v. Martin & Jones Produce Co.,* 116 Ga. App. 324, supra.

While Brown clearly and unequivocally asserts that Tuggle's use of the tractor at the time of the collision was contrary to the instructions which he had given and without his knowledge or consent, yet the deposition of Tuggle (called for cross examination by the plaintiff, but the deposition was submitted in support of defendant's motion) makes no mention of any instruction not to use the tractor, and he asserted that Mr. Brown knew that he was using it for personal business. He may very well have been referring to previous occasions when he went for groceries, but his testimony is not so limited. He was not asked whether Mr. Brown had told him on the previous Friday not to use the tractor without prior permission or instruction. This might have been admitted by him if the question had been asked, but defendant's counsel did not question Tuggle at all.

In summary judgment proceedings the burden is on the movant to demonstrate the lack of a substantial factual issue. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442); *International Brotherhood v. Newman*, 116 Ga. App. 590, 592 (158 SE2d 298); *Sanfrantello v. Sears, Roebuck & Co.*, 118 Ga. App. 205, 206 (163 SE2d 256). Here movant failed to carry the burden on this matter and the trial court was authorized to deny the motion as to the second count.

*Judgment affirmed as to Count 2; reversed as to Count 1. Jordan, P. J., and Pannell, J., concur.*