## 45938. GREENE v. HARDIN et al.

QUILLIAN, Judge. The plaintiff Emmett Greene filed a claim against Plez Hardin and Floyd Hightower for injuries he received when he was struck by a truck which was owned by Hardin and driven by Hightower.

Hightower was employed by Hardin as a tractor driver and to do general farm labor upon Hardin's farm; he had been so employed for approximately one year; on at least four occasions prior to date of the injury, Hardin had allowed Hightower to use a truck to go into the town of Smithville to buy groceries; on at least another occasion, Hightower had used a truck without the prior permission of Hardin to go to a church meeting but Hardin had later approved such use.

On the afternoon of February 28, 1969, after the completion of his regular duties on the farm, Hightower obtained permission from Hardin to use the truck to go into Smithville, with his wife, to buy groceries. He was directed to return the truck to Hardin's home, after carrying out this errand, before sundown.

Hightower did not take his wife to town to get groceries but used the truck for his own purposes without the knowledge of Hardin. Sometime later in the evening at a point beyond the grocery store in Smithville, Hightower had an altercation with the plaintiff. After this altercation ceased, Greene left the scene and began walking by the side of a paved road toward his home. A few minutes later, Hightower began to return the truck to Hardin's home. While proceeding along the road, at a point beyond the grocery store towards Hardin's home, the truck, driven by Hightower, struck the plaintiff as he walked on the shoulder of the road.

The defendant Hardin moved for summary judgment on the ground that the defendant Hightower was not in the course of his employment at the time of the incident complained of. Incorporated in the motion were the depositions of all the parties to the action.

In response to the motion, the plaintiff moved for partial summary judgment on the issue of whether the defendant Hightower was in the scope of his employment at the time of the incident.

Both motions were consolidated for hearing and the trial judge signed an order granting the motion for summary judgment by the defendant Hardin and denying plaintiff's motion for partial summary judgment. Subsequently, the trial judge certified his denial of plaintiff's motion for partial summary judgment for direct appeal. *Held:*

The appellant contends that the fact that Hightower was in the process of returning Hardin's truck to the farm would place him within the scope of his employment because it would benefit Hardin to have his truck returned. With this contention we cannot agree. The evidence is uncontradicted that, at the time the plaintiff was struck by the truck, Hightower was at a point beyond the grocery store on a purely personal mission and was not within the scope of his employment. *Price v. Star Service &c. Corp.,* 119 Ga. App. 171 (166 SE2d 593); *Brown v. Sheffield,* 121 Ga. App. 383 (173 SE2d 891). The denial of the plaintiff's motion for partial summary judgment and granting of defendant Hardin's motion for summary judgment was not error.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*
ARGUED FEBRUARY 2, 1971—DECIDED APRIL 7, 1971.

*J. Frank Myers, John R. Parks,* for appellant.
*Burt & Burt, Donald D. Rentz,* for appellees.