## 50136. BRANELL MECHANICAL CONTRACTORS, INC. v. COBB COUNTY.

PANNELL, Presiding Judge.

Cobb County contracted with Branell Mechanical Contractors, Inc., hereinafter referred to as Branell, for the construction of sewage disposal facility. The plant was a joint effort of both Fulton County and Cobb County. A dispute arose over the substitution of Allis-Chalmers pumps for Fairbanks-Morse pumps in the Marsh Creek Sewage Pumping Station and the refusal of the engineer to permit same. Branell brought suit for damages for breach of contract and also asks for damages for delay because of such refusal. The lower court granted a summary judgment for defendant and Branell appeals.

The pertinent portions of said contract and specifications are as follows: "Any reference to an item of equipment or material by a specific manufacturer's brand or trade name in these contract documents is intended merely as a standard. Products or materials of other manufacturers, which in the opinion of the engineer are the equal of that specified considering quality workmanship and economy of operation and are suitable for the purpose intended, will be acceptable. The

contractor shall not substitute an alternative manufacturer's products or materials without prior written approval of the engineer."

Said specifications section and division 21.11 provide that "The raw sewage pumps shall be angleflow Figure 5720 pumps as manufactured by Fairbanks-Morse Pump Division, Colt Industries, or *approved equal.*"

Branell, by letter dated November 29, 1971, to engineers Hensley-Schmidt, Inc., (whose engineer in charge was Joe F. Bork, Jr.) requested that they be allowed to substitute Allis-Chalmers pumps for Fairbanks-Morse pumps, because of expected delay in delivery of Fairbanks-Morse pumps. This letter, along with letters from Hensley-Schmidt, Inc., by Joe F. Bork, Jr., P. E., to Mr. Frandsen, Fulton County engineer, also to Branell, were introduced into evidence. Also, a letter from Mr. Sutton, County Engineer of Cobb County to Fulton County Engineers. Depositions of Bork, Sutton and Frandsen were taken and submitted to the court.

It is admitted that no letter of approval of the substitution was ever given by the engineers to Branell, but Branell contends that they were entitled under the contract to an objective finding by the engineer as to whether or not the proposed Allis-Chalmers pumps were equal to Fairbanks-Morse pumps as to quality, workmanship and economy of operation. They contend they did not receive such an independent opinion, but that the county prevented the engineer from giving permission, and in fact took the right to make that determination from him and gave it to Fulton County in a violation of the contract.

Cobb County contends that the engineer made such determination and that his refusal to give written approval of substitution frees them from responsibility.

The various letters show that Bork wrote the Fulton County engineer that "We have received the attached preliminary submitted data on Allis-Chalmers pumps and feel that they will satisfactorily meet the specifications.

"Due to the critical schedule for completion of the Marsh Creek Station, we recommend Fulton County favorably consider acceptance of Allis-Chalmers pumps.

Please advise us at your earliest convenience."

Another letter from Bork to Branell of December 10, 1971, was as follows:

"Your submittal of December 2, 1971, requesting substitution of Allis-Chalmers pumps for Fairbanks-Morse pumps was transmitted to the Fulton County Public Works with our recommendation that it be favorably considered in view of delays involving Fairbanks-Morse pumps.

"As discussed by phone, I am attaching a copy of a letter of December 7, 1971, from Mr. H. A. Frandsen of the Fulton County Works Department which indicates their preference for Fairbanks-Morse pumps even if the delay adds ten to twelve weeks to completion of the project.

"Please advise us if you will proceed with Fairbanks-Morse pumps, or request approval of another pump manufacturer, other than Allis-Chalmers, which meets the specifications and is acceptable to Fulton County."

Engineer Bork testified in deposition that "I do not feel that the Allis-Chalmers pumps were equal to the Fairbanks-Morse. I felt like due to the extenuating circumstances that it would very well be advisable to proceed with it."

The court below granted Cobb County's motion for summary judgment and Branell appeals. *Held:*

1. In a motion for summary judgment all ambiguities, conclusions and inferences arising in and from the evidence must be construed most strongly against the movant for summary judgment. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5, 9 (126 SE2d 442).

2. It is not the function of the trial court to adjudicate genuine issues at the hearing on the motion for summary judgment; in ruling on the motion for summary judgment all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion. 6 Moore's Federal Practice (2d Ed.), p. 2337. The facts that the letters or inferences drawn from them may be denied or explained by other parts of testimony of the writer of such letters would, on motion for summary judgment by defendant, merely create a conflict in the evidence or a question of credibility

for jury determination. See *Mathis v. R. H. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122); *Brown v. Sheffield,* 121 Ga. App. 383, 388 (173 SE2d 891).

3. In our opinion, and we so hold, the evidence did not demand a finding that an independent opinion of the engineer was had under the contract. Nor does it demand a finding that an independent opinion of the engineers was not had under the contract. There is evidence that if believed by the jury would authorize a finding for either party, therefore we hold that the court below erred in determining this issue.

"On motion for summary judgment the court is not authorized to try and resolve issues of fact; the function of the court, and its only authorized function under this procedure, is to determine the existence of a genuine issue of material fact. Code Ann. § 110-1203; *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179); Dewey v. Clark, 180 F2d 766, 772.

" 'A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt. To warrant its entry the facts conceded by the plaintifff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances . . . A summary judgment is an extreme remedy, and, under the rule, should be awarded only when the truth is quite clear.' Taylor v. Black, Sivalls & Bryson, 189 F2d 213, 216.

"In order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by defendant on motion for summary judgment must unequivocally refute those allegations and must clearly show what is the truth of the matter alleged. It is not sufficient if the evidence merely preponderates toward defendant's theory rather than plaintiff's or if it does no more than disclose circumstances under which sat-isfactory proof of plaintiff's case on trial will be highly unlikely." *Watkins v. Nationwide Mut. Fire Ins. Co.,* 113 Ga. App. 801, 802, 803 (149 SE2d 749).

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 10, 1975 — DECIDED JUNE 13, 1975.

*Stokes, Boyd & Shapiro, Herman L. Fussall, McNeil Stokes,* for appellant.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr., David E. Betts, Edwards, Awtrey & Parker, A. Sidney Parker,* for appellee.