9643. SOUTHERN COTTON OIL COMPANY *v.* SHIELDS.

While a master may be liable for an injury to his servant resulting from the master's negligence, although the master, in the exercise of ordinary care, could not have foreseen that his negligence would result in an injury of the particular kind produced, or in the particular servant being injured, yet he can not be held liable unless the injury sued for was the natural and probable result of his negligence. He is not liable unless, by the exercise of ordinary care and diligence, he could have reasonably apprehended that his negligence would or might result in injury to some one of his servants. *Mitchell* v. *Schofield's Sons Co.*, 16 *Ga. App.* 686 (85 S. E. 978).

DECIDED FEBRUARY 21, 1919. REHEARING DENIED MARCH 1, 1919.

Action for damages; from Warren superior court—Judge Walker. March 2, 1918.

*M. L. Felts,* for plaintiff in error. *L. D. McGregor,* contra.

BROYLES, P. J. This was a suit against a master for personal injuries sustained by his servant, and was based upon the alleged negligence of the master in not providing a safe place of work for the servant. In the plaintiff's petition the only reason given why the place was not safe was that it contained a defective machine. The undisputed evidence clearly showed, that the defect in the machine was a very slight one and not dangerous in itself, nor apparently dangerous in conjunction with any other instrumentality in the place; that the defect did not directly cause the plaintiff's injury, but that it was only the indirect and remote cause thereof; and that the master could not, by the exercise of ordinary care, have reasonably anticipated that such an injury, or that any injury at all, would or might result from the defect. The master is not an insurer. He is not required to provide an absolutely safe place for his servants to work in, but only a *reasonably* safe place.

In this case there is not in the record any evidence authorizing a finding that the place provided by the master was not a reasonably safe one for the plaintiff and the other servants to work in, or that the master, by the exercise of ordinary care and diligence, could have foreseen or reasonably apprehended that the defect in the machine would probably cause such an injury as that sued for, or any injury at all, either to the particular servant injured or to any other of his servants. It follows that the plaintiff was not entitled to a recovery, that the verdict in his favor was contrary to law and the evidence, and that the court erred in overruling the general grounds of the defendant's motion for a new trial.

The foregoing ruling being controlling in the case, it is unnecessary to consider the special grounds of the motion for a new trial.

*Judgment reversed. Bloodworth, J., concurs. Stephens, J., concurs dubitante.*

### ON MOTION FOR REHEARING.

BROYLES, P. J. In deciding that under the evidence adduced upon the trial now under review the plaintiff was not entitled to recover, this court did not overlook its former ruling in the same case (20 *Ga. App.* 549, 93 S. E. 169), that the plaintiff's petition was not subject to demurrer. That ruling, of course, became the law of the case, and, as such, is binding upon this court. However, the evidence upon the subsequent trial did not affirmatively establish all the material allegations of fact set forth in the petition. The petition and the proof showed that the plaintiff's injuries were caused by a lever being knocked over upon his arm on September 6, 1915; and paragraph 7 of the petition is as follows: " (7) Petitioner further avers that on or about the 4th day of September, 1915, the said Southern Cotton Oil Company placed a new lever into the 'cake-former' which controlled the steam, and that petitioner stated to the superintendent or vice-principal that said lever was too long, whereupon the superintendent who was vice-principal of the Southern Cotton Oil Company [said] to petitioner that [he] knew said lever was too long, that he would have it cut off, and commanded petitioner to work with said lever until it was cut, but that the said lever was not cut off, and the same being so long made it easily touched and knocked up, thereby turning on the steam into the 'cake-former;' this being the lever which was knocked up by the 'charger' which caused the above injury in the manner and form

·alleged." Upon the trial the only evidence tending to support the allegations of this paragraph of the petition was the following testimony of the plaintiff: "I did hear Mr. Creason [the superintendent of the defendant company] say he was going to have the lever cut off, because it was too long." It is obvious that this testimony did not sustain all of the material averments in the paragraph. Nor was there any evidence that tended to show that a new lever had been installed, or that the superintendent or vice-principal had ordered the plaintiff to work with the lever until it was cut off, or that the length of the lever contributed to the injury sued for. The present ruling, therefore, is not in conflict with the former ruling (20 *Ga. App.,* supra.) Moreover, the only witness presented to prove the case as laid was the plaintiff himself, and his testimony was so self-contradictory, vague, equivocal, and in some material respects so improbable, as to require that it be construed in the light most unfavorable to him; and, there being no other evidence tending to establish his right to recover, and the version of his testimony most unfavorable to his cause showing that the verdict should be against him, and the evidence for the defendant, which was perfectly consistent with this version, establishing a complete defense, the verdict for the plaintiff was unauthorized. *Western & Atlantic R. Co.* v. *Evans,* 96 *Ga.* 481 (23 S. E. 494); *City of Thomasville* v. *Crowell,* 22 *Ga. App.* 383 (96 S. E. 335), and cases there cited.

Rehearing denied. Bloodworth, J., concurs.

STEPHENS, J., dissenting. In the judgment of reversal I concurred dubitante. On motion for rehearing the cases of *Ga. Ry. & El. Co.* v. *Norris,* 135 *Ga.* 838 (70 S. E. 793), *A. & W. P. R. Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29), *Loveless* v. *Standard Gold Mining Co.,* 116 *Ga.* 427 (42 S. E. 741, 59 L. R. A. 596), and *Mitchell* v. *Schofield's Sons Co.,* supra, were brought to my attention. After a consideration of the same I am of the opinion that the questions of negligence were, under the evidence, matters entirely for the jury. I think a rehearing should be granted, and that the judgment should be affirmed instead of reversed.