39395. MALONE et al. v. LOMBARD PONDS, INC.

CARLISLE, Presiding Judge. The assignment of error in this case is on the judgment of the trial court sustaining general demurrers to petitions by a husband and wife for damages on account of injuries suffered by the wife when she stepped into a crevice, or rut, alleged in each petition as amended to have been 5 inches wide, 5 inches deep, and 14 inches in length, which rut was located on the defendant's premises at the end of a boardwalk maintained by the defendant ad-

jacent to its swimming pond, a place of public resort. The plaintiff alleged that she walked along the boardwalk to the end thereof, stepped off and her right foot "fell into a crevice in the soft sand near the boardwalk," and that she was thereby thrown off balance and caused to fall violently to the ground, suffering enumerated injuries. It was alleged that she was a paid patron of the defendant; that, at the time she suffered the injuries, it was near dusk and because the defendant provided no lighting of the premises at the time, she could not see the crevice, or rut. The defendant was charged with negligence in not maintaining the premises in a proper condition, in allowing the rut to exist when it knew, or should have known of the dangerous condition; in not placing any warning of the existence of the rut, and in not having sufficient lighting.

Negligence must be measured by the particular circumstances existing at the time and place alleged. What is negligence in one situation might not be in another. *Ely v. Barbizon Towers, Inc.*, 101 Ga. App. 872, 877 (115 SE2d 616). Construing the petitions in this case most strongly against the pleaders, it appears that the condition which is alleged to have caused the plaintiffs' injuries and damages existed at the water's edge on what is described as a beach, and in a place frequented by other patrons of the defendant. It would be exacting far too great a duty on the operator of an establishment of the kind described in the petitions to require that he provide his patrons with an absolutely smooth, even and firm surface at such a place and that he keep it in that condition at all times. Even though the defendant had actual knowledge (which is not alleged) of the condition, the maintenance of the premises in the condition alleged was not negligence, nor was it negligent for the defendant to fail to give any warning of the uneven condition of the beach, since it is common knowledge that such areas are not generally level, smooth and firm. The plaintiff was chargeable with knowledge of these facts and the failure of the defendant to have sufficient lighting on the premises was not negligent nor a contributing factor to the plaintiff's injuries, since she knew at the time she stepped from the end of the boardwalk that it was too dark for her to see where she was stepping. *Frierson v. Mutual Realty Co.*, 48 Ga. App. 839 (174 SE 144).

As to the liability of proprietors of resorts generally, see Anno. 22 ALR 610, et seq. The order sustaining the demurrers and dismissing the petitions was not error.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

Decided April 3, 1962—Rehearing denied April 26, 1962.

*Sanders, Thurmond, Hester & Jolles, Carl E. Sanders, Isaac S. Jolles*, for plaintiffs in error.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler*, contra.