42741, 42743. PORCH v. WRIGHT (two cases).
42742, 42744. BLACK v. WRIGHT (two cases).

PANNELL, Judge. 1. "Negligence" or "actionable negligence" as a legal term has received various definitions. See *Southern R. Co. v. Chatman,* 124 Ga. 1026, 1031 (53 SE 692, 6 LRS (NS) 283, 4 AC 675). "It is relative and can have no existence apart from some duty expressly or impliedly imposed. Before negligence can be predicated upon a given act, some duty to the individual complaining must be sought and found, the observance of which duty would have averted or avoided the injury or damage. This duty, the violation of which constitutes actionable negligence, may arise in various ways." *Southern R. Co. v. Liley,* 75 Ga. App. 489, 493 (43 SE2d 576). " 'As negligence necessarily involves a violation or disregard of some duty which is known to the person charged therewith, it follows that knowledge of the facts out of which the duty arises is an essential element for consideration in determining whether one has exercised reasonable care or has been guilty of negligence.' 45 CJ 651; *Miller v. Southern R. Co.,* 21 Ga. App. 367 (4b) (94 SE 619); *Southern Cotton-Oil Co. v. Shields,* 23 Ga. App. 476 (98 SE 408); *Southern Transportation Co. v. Harper,* 118 Ga. 672 (2) (45 SE 458); *Atlanta Baseball Co. v. Lawrence,* 38 Ga. App. 497 (144 SE 351). In this connection, the governing consideration is what the person sought to be charged should reasonably have foreseen, the rule being that one is bound to anticipate the reasonable and natural consequences of his own conduct. One is charged with knowledge or notice of what a reasonably prudent person would have foreseen, and is negligent if he fails to use the care necessary to avoid danger which should have been anticipated. 'The standard by which to test the question of negligence vel non is undoubtedly the common experience of mankind; its existence implying the want of that care and diligence which ordinarily prudent men would use under the circumstances of the particular case.' 1 Shearman & Redfield on the Law of Negligence, 16, § 9h; *Central Railroad & Banking Co. v. Ryles,* 84 Ga. 420 (11 SE 499); *Harden v. Ga. R. Co.,* 3 Ga. App. 344 (59 SE 1122); *Southern R. Co. v. Chatman,* 124 Ga. 1026 (53 SE 692, 6 LRA (NS) 283, 4 AC 675)." *Norris v. Macon Terminal Co.,* 58 Ga. App. 313, 317 (198 SE 272).

See also *Whitaker v. Jones, McDougald, Smith, Pew Co.,* 96 Ga. App. 711 (26 SE2d 545); *Butler v. Jones,* 85 Ga. App. 158 (68 SE2d 173). "Negligence must be measured by the particular circumstances existing at the time and place alleged. What is negligence in one situation might not be in another. *Ely v. Barbizon Towers, Inc.,* 101 Ga. App. 872, 877 (115 SE2d 616)." *Malone v. Lombard Ponds,* 105 Ga. App. 828, 829 (125 SE2d 697).

2. Where, as in the present case, one person persuades or importunes another to permit the one person's son, known to to such person to be a careless driver, to drive the other person's automobile for the purpose of carrying the son of the one and the son of the other to a moving picture show, the one representing to the other that the son driver was a good driver and that he was fully covered by the insurance of the one to drive any car and could be trusted as a safe driver to drive the boys to the movies, and where such driver negligently drove on the wrong side of a roadway causing a collision with another automobile and injury to the occupants thereof, we cannot say as a matter of law that such a one, procuring the driving of an automobile by a careless driver did not commit actionable negligence as to the persons injured thereby; nor is such a one insulated from such negligent act of persuasion by the fact, (a) that the automobile belonged to the other person, or (b) that the other also knew the driver to be a careless driver, in view of the assurances of the financial responsibility also given. It is for the jury to determine whether all or part of the representations were the persuading factors.

3. Since the representation as to insurance and financial responsibility was a part of the allegations relating to the liability of the person making such representation, such representation was not demurrable on the grounds that it injected insurance into the case and was prejudicial.

4. The allegations that the driver was a "careless" driver and was "not a reliable or careful driver" is an allegation of ultimate fact and not a conclusion of the pleader. See *New York Life Ins. Co. v. Thompson,* 45 Ga. App. 638 (165 SE 847).

5. Where on separate motions for summary judgment by the parent and the son driver defendants in a tort action brought by the injured parties against the two parents and the son

driver, the son driver and all of the others with him on the occasion in question made affidavits that he was not driving the automobile but that the son of the owner was driving it, and opposing affidavits are presented to the effect that the son driver defendant, immediately after the collision, got out from under the steering wheel on the driver's side of the car, stated that he was driving and stated to the investigating officers that he was driving and gave his reasons why he was on the wrong side of the road and also testified in court, when charged with violating the state law, that he was the driver at the time of the collision, and where the defendant parent introduces no evidence denying the allegations relating to her representations as to her son's driving abilities, there was no error in denying the motions for summary judgment.

6. Upon application of the above rulings to the judgments of the trial court enumerated as error in all four cases, the judgments are affirmed.

*Judgments affirmed. Bell, P. J., and Joslin, J., concur.*

ARGUED MAY 1, 1967—DECIDED JUNE 30, 1967.

. *Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, E. A. Simpson, Jr.,* for appellants.

*Grace W. Thomas,* for appellees.