## 67457. HENSEL v. DAVIS.

McMURRAY, Chief Judge.

This is a personal injury case arising out of the collision of automobiles at an intersection wherein there were stop signs controlling traffic on the streets crossing Upper Roswell Road in Cobb County, Georgia. Upper Roswell Road is a two lane thoroughfare traveling in an east and west direction; Providence Road runs from the north, south to a stop sign on the north side of Upper Roswell Road; Merchants Walk Drive is a continuance of Providence Road

running south from the stop sign on the south side of Upper Roswell Road.

Helen Marie Hensel contends that on or about April 20, 1979, she was traveling south on Providence Road, stopped at the stop sign on the north side of Upper Roswell Road and continued to cross the intersection when her vehicle was struck in the left front fender and wheel by a vehicle driven by Lyn Bagwell Davis attempting to make a left turn to proceed west on Upper Roswell Road, at which time Ms. Hensel was seriously injured. Ms. Davis, however, contends that there was heavy traffic at the intersection, that she stopped at the stop sign on Merchants Walk Drive, and turned on her left turn signal in her attempt to enter the west lane of Upper Roswell Road. The traffic finally allowed her to move past the stop sign into the intersection where she stopped again. As the traffic cleared the intersecting roadway she started to make her left turn, at which time her vehicle collided with Ms. Hensel's automobile. Her left front wheel struck Ms. Hensel's automobile at the left front fender.

Helen Marie Hensel as plaintiff brought her complaint for damages against Lyn Bagwell Davis contending the defendant negligently drove her automobile into the automobile driven by the plaintiff and same was the sole, direct and proximate cause of the injuries and damages she suffered (pain and suffering, medical expenses and permanent injury to her body) in that the defendant failed to keep a proper lookout, failed to keep her vehicle under control and was driving her vehicle in reckless disregard for the safety of persons and property of others. She also contends the defendant was guilty of negligence per se in the following particulars: in failing to yield the right-of-way to the vehicle being driven by the plaintiff approaching from the opposite direction within an intersection in violation of Code Ann. § 68A-402 (Ga. L. 1974, pp. 633, 657) (now OCGA § 40-6-71); in turning her vehicle at the intersection from a direct course at a time when she could not make such turn with reasonable safety and without giving the appropriate and timely signal required by law in violation of Code Ann. § 68A-604 (a) (Ga. L. 1974, pp. 633, 664) (now OCGA § 40-6-123); and being in reckless disregard for the safety of others in violation of Code Ann. § 68A-901 (Ga. L. 1974, pp. 633, 671) (now OCGA § 40-6-390).

The defendant in substance denied the claim admitting only the jurisdiction of the court and added other defenses that the sole, proximate cause of the damages sustained by the plaintiff were due to her own negligence; her failure to exercise the proper degree of care; that in the exercise of ordinary care, plaintiff could have avoided the occurrence; and, further, that even if the defendant were negligent the negligence of the plaintiff was equal to or exceeded any negligence chargeable to the defendant. She further contended that the provi-

sions of the Georgia no-fault statute precluded any recovery of the plaintiff. However, we are not concerned here with this defense with reference to whether or not the plaintiff received serious injuries thus bypassing the no-fault provisions of the statute.

The case proceeded to trial in which the jury returned a verdict in favor of the defendant. The judgment followed the verdict. Whereupon the plaintiff moved for a new trial based upon the general grounds and the alleged error in the trial court's charging a portion of OCGA § 40-6-72 (formerly Code Ann. § 68A-403 (Ga. L. 1974, pp. 633, 657)), the substance of which is that after stopping, a driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways. Plaintiff also moved for judgment notwithstanding the verdict, contending there was no material issue of fact for the jury to resolve on the issue of liability, defendant being liable as a matter of law and the only remaining issue being one as to the amount of damages, seeking a new trial on the issue of damages alone.

Plaintiff's motions were denied, and she appeals, enumerating error to the denial of the motion for new trial and motion for judgment notwithstanding the verdict. *Held*:

1. The plaintiff has failed to obey Rule 15 (c) of this court, adopted February 23, 1981, effective September 1, 1981, in correlating the arguments to the errors enumerated but has argued all of the enumerated errors together. We proceed to consider the arguments so as to consider the enumerations of error to the best of our ability.

The testimony was somewhat conflicting as to the cause of the collision, that is, as to whether or not both parties were guilty of negligence or as to whose negligence caused the collision of the vehicles in the intersection, each contending they had stopped at the stop sign previously and continued into the intersection where the collision occurred. Accordingly, the trial court did not err in denying the motion for new trial based on the general grounds and in denying the motion for judgment notwithstanding the verdict in that there were issues for jury determination as to whose negligence or what negligence caused the collision. See *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259, 260 (174 SE2d 178); *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (227 SE2d 336). There is no merit in these complaints.

2. Exception was also made with reference to the following jury instruction: "After stopping, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways." The trial court stated that this provision of law is found

in OCGA § 40-6-72 (b). The plaintiff contends that this language was formerly contained in Code Ann. § 68A-402, supra, with reference to vehicles turning left and in Code Ann. § 68A-403, supra, involving a stop sign, and should not have been given as not adjusted to the evidence in that the issue here was whether or not a vehicle that had entered an intersection roadway and stopped was negligent in colliding with traffic approaching on that roadway while in the intersection. Plaintiff contends this charge should not have been given inasmuch as the parties both contended they had stopped at the stop sign and proceeded into the intersection. The charge, however, applied to both drivers, that is, having stopped "the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways." The evidence authorized this instruction, and we find no merit in this complaint.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 12, 1984 —
REHEARING DENIED MARCH 7, 1984 —

*William L. Skinner,* for appellant.
*Thomas E. Magill,* for appellee.