## S95A1328. CORNELL v. THE STATE.
(463 SE2d 702)

HUNSTEIN, Justice.

Frederick Cornell was found guilty of felony murder during the commission of an aggravated assault, armed robbery, and possession of a firearm during the commission of a crime. Cornell was sentenced to life imprisonment. He appeals from the denial of his motion for new trial.[1]

1. The evidence at trial established that appellant came to work at his employment as a night auditor at a motel in Augusta with a .22 caliber revolver. The gun discharged and his co-worker, Karin Williams, was shot between the eyes and killed. Appellant took money from the cash register and placed both the gun and the money into a garbage bag which he dumped behind the motel. He then telephoned

---

[1] The homicide occurred on February 6, 1992. Cornell was indicted on May 26, 1992 in Richmond County. He was found guilty on June 2, 1994 and was sentenced on July 6, 1994. His motion for new trial, filed July 20, 1994, was denied on March 24, 1995. A notice of appeal was filed on March 31, 1995. The appeal was docketed on May 15, 1995. Oral argument was heard on September 11, 1995.

the police and reported a robbery and murder at the motel. After being questioned three times and denying any involvement in the incident, appellant called the police and informed them he had accidentally shot Karin when he was showing her the gun. He asserted that he panicked and staged the armed robbery.

The evidence presented at trial was sufficient to authorize a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his remaining enumeration, appellant asserts the trial court erred in refusing to admit demonstrative evidence in the form of a computer reenactment. Whether the computer simulation " 'is a fair and accurate representation of the scene sought to be depicted addresses itself to the discretion of the trial judge which will not be controlled unless abused. . . .' [Cit.]" *Jones v. State*, 250 Ga. 498, 499 (3) (299 SE2d 549) (1983). Because the trial court correctly determined that an adequate foundation for admission of the simulation had not been established, there exists no ground for reversal.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 1995.

*Michael C. Garrett, Allison L. Byrd,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.