A98A1681. CLEVELAND v. BRYANT et al.
(512 SE2d 360)

JOHNSON, Chief Judge.

Gloria Cleveland sued Darrel Bryant and Woodbuilding Components, Inc. (collectively "Bryant"), for injuries she sustained in a car accident. The jury returned a verdict in favor of the defendants. Cleveland appeals from the judgment entered on the verdict and the denial of her motion for new trial.

The evidence conflicts as to the cause of the accident. Cleveland testified that she was traveling on 20th Street and approached the intersection of 20th and Highway 280. Highway 280 is a four-lane highway divided by a grassy median. Cleveland stopped at a stop sign at the intersection, crossed the two southbound lanes of Highway 280, and stopped in a paved section of the median. She saw Bryant's tractor-trailer approaching in the right-hand lane and decided there was enough distance between them that she could turn. She turned left into the inside (left) lane of the highway and proceeded 100 to 150 feet north before Bryant's tractor-trailer struck her car. Cleveland claimed the truck came into her lane and hit her car.

Bryant testified that he was traveling northbound on Highway 280 in the lane nearest the median and that as he passed the intersection at 20th Street, he glanced in his side mirror and saw the front of Cleveland's car going underneath his trailer. He also introduced expert testimony that the evidence from the accident was consistent with a 40-45 degree angle impact and "absolutely totally inconsistent with a sideswiping action." An eyewitness told an investigator just

moments after the collision that he saw Cleveland pull out of the median directly into the side of the truck.

1. Because there are conflicts in the evidence as to the cause of the collision, and the evidence does not demand a verdict in Cleveland's favor, the trial court did not err in denying her motion for directed verdict on the issue of liability. See *Flournoy v. Brown*, 226 Ga. App. 857, 861 (4) (487 SE2d 683) (1997).

2. Cleveland enumerates as error the trial court's admitting into evidence an animated videotape illustrating an expert witness' opinion as to how the accident occurred. She argues the re-enactment shown on the videotape was not supported by the evidence in the case. We find no grounds for reversal.

At trial, an expert in accident reconstruction testified that he visited the accident scene, made measurements, inspected the tractor-trailer, reviewed photographs of the damaged truck and car, witnessed the truck traveling on the roadway in an experiment and examined a car of the same make as Cleveland's. He then gave his opinion as to how the collision occurred. The expert concluded that the accident occurred in the lane nearest the median and that Cleveland's car went beneath the trailer at a 40-45 degree angle. After giving this testimony, the expert testified that he prepared a computer-generated animation illustrating his opinion as to how the accident occurred. He stated that the animation reflected a fair and accurate representation of his opinion as to how the collision occurred.

Cleveland complains that the videotape was not accurate because it showed her car leaving the intersection at an angle, her car going backwards rather than counterclockwise, the truck traveling down the lane before the collision, and damage to certain parts of her car; none of this, she claims, was supported by the evidence.

Re-enactments of events which are substantially different from the facts of the case and which, because of the differences, might be prejudicial and misleading, should not be used at trial. *Pickren v. State*, 269 Ga. 453, 455 (2) (500 SE2d 566) (1998). However, a computer-generated animation is admissible if it is a fair and accurate representation of the scene sought to be depicted. Such a matter addresses itself to the discretion of the trial court, which will not be controlled absent abuse. See *Cornell v. State*, 265 Ga. 904, 905 (2) (463 SE2d 702) (1995). Based on our review of the record, including photographs, trial testimony and the videotape, the animation was sufficiently similar to the evidence introduced at trial. It also appears to be an accurate representation of the expert's opinion as to how the collision occurred. We find no abuse of discretion. See generally *Stephens v. State*, 214 Ga. App. 183, 185 (4) (447 SE2d 26) (1994).

3. Cleveland claims the police officer should not have been permitted to testify that Cleveland told him at the scene that she did not

see the truck before the collision occurred. We disagree. Cleveland's statement to police, made just minutes after the accident, was admissible as a prior inconsistent statement, inasmuch as Cleveland testified at trial that she saw the truck before she turned. See generally *Knight v. State*, 266 Ga. 47, 48 (2) (464 SE2d 201) (1995). It was also admissible as a statement against interest. See OCGA § 24-3-31. The trial court's decision to allow the testimony was not clearly erroneous. See *Gilbert Corp. &c. v. Yetman*, 219 Ga. App. 320, 322 (2) (464 SE2d 822) (1995).

4. Cleveland asserts it was error to permit the police officer to testify that an eyewitness told him at the scene that Bryant was driving in the left lane and that Cleveland drove into the side of the truck after "not really stop[ping]" in the median. The statement was made within minutes of the collision by a witness whom police identified and presumably could have been called as a witness. Besides being arguably admissible as part of the res gestae exception to the hearsay rule, see OCGA § 24-3-3; see generally *Kirkland v. State*, 206 Ga. App. 27, 30 (9) (424 SE2d 638) (1992), the statement was merely cumulative of other evidence properly before the jury. This enumeration presents no grounds for reversal.

5. Cleveland claims the trial court erred in admitting a photograph of a skid mark purportedly made by Bryant's truck when there was no evidence that the tractor-trailer made the skid mark. Contrary to Cleveland's contention, there was such evidence. The officer testified that in his opinion Bryant's truck made the skid mark. The officer then gave his basis for the opinion: the freshness of the skid mark, the presence of glass on the mark and the location of the mark. The accident reconstruction expert also testified, without objection, that the skid mark shown in the photograph was caused, in his opinion, by the tractor-trailer. This Court will reverse a trial court's ruling on the admissibility of a photograph only upon a showing of abuse of discretion. *Kroger Co. v. Green*, 190 Ga. App. 318, 319 (2) (378 SE2d 905) (1989). We find no abuse of discretion. See *Shilliday v. Dunaway*, 220 Ga. App. 406, 409 (3) (469 SE2d 485) (1996).

6. Cleveland argues the trial court erred in charging the jury about stop signs when there was no stop sign at the point she left the median and entered the northbound lane. The court charged the jury that "[a]fter stopping, the driver shall yield right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time when such driver is moving across or within the intersection or junction of roadways." It is undisputed that Cleveland approached and stopped at a stop sign before she entered the intersection and proceeded halfway across the highway. There was no error in giving the charge. See *Hensel v. Davis*, 170 Ga. App. 153, 155-156 (2) (316 SE2d 479) (1984);

*Flournoy*, supra at 859-860 (1).

7. Cleveland asserts the trial court erred in charging the jury on the duty to yield right-of-way because there was no evidence supporting such a charge. The trial court charged the jury that "when two vehicles approach or enter an intersection from different highways at approximately the same moment or time, the driver of the vehicle on the left shall yield right-of-way to the vehicle on the right." See generally OCGA § 40-6-70. Contrary to Cleveland's contention, as discussed above, there was evidence indicating that both vehicles approached the intersection at approximately the same time. The trial court did not err in giving such a charge. See generally *Sconyers v. Williams*, 198 Ga. App. 673, 674 (1) (402 SE2d 775) (1991).

*Judgment affirmed. Smith and Barnes, JJ., concur.*

---

DECIDED FEBRUARY 15, 1999 —

*L. B. Kent*, for appellant.
*Self, Mullins, Robinson, Marchetti & Kamenski, Richard A. Marchetti*, for appellees.