## A05A1894. COX v. U. S. MARKETS, INC.

(628 SE2d 701)

BARNES, Judge.

This is an appeal from the grant of summary judgment against Patrick Lee Cox, a guarantor on a promissory note executed by Premier Platforms, Inc., to U. S. Markets, Inc. in the amount of $450,000. Cox contends the trial court erred in granting U. S. Markets' motion for summary judgment because there were significant issues of fact as to his defenses of mutual mistake of fact and law, and U. S. Markets failed to establish a prima facie case against him as a matter of law. He also maintains that the trial court erred in denying his summary judgment motion because the guaranty failed to sufficiently identify the debt being guaranteed, and also failed to strike an affidavit.

The evidence shows that Premier and U. S. Markets were in the construction equipment rental business and Premier rented U. S. Markets' equipment to third parties. Premier would give a portion of the rental revenues to U. S. Markets. When Premier failed to pay U. S. Markets owed rental revenues, it executed a promissory note of $450,000, which consisted of the rental equipment debt of $339,910 and a new loan of $110,090. The debt was personally guaranteed by Premier's existing shareholders, Cox, David Cooper, and Aaron Silverman. The shareholders were jointly liable for the debt, but only to the extent of their stock ownership in Premier. Thus, Cox, who owned ten percent of the company's stock, guaranteed that percentage of the loan.

After making payments for over one year, Premier defaulted on the loan and filed for bankruptcy protection. Subsequently, U. S. Markets filed the underlying action against Cox and the other guarantors of the loan, alleging that pursuant to the personal guaranty, they were liable for the balance due on the entire loan. Cox filed a motion for summary judgment arguing, among other things, that the guaranty did not comply with the Statute of Frauds because it did not sufficiently identify the debt being guaranteed. U. S. Markets responded, filing a corresponding motion for summary judgment. The trial court granted summary judgment to U. S. Markets, and denied Cox's motion, Cox now appeals, and discerning no error, we affirm the trial court's grant of summary judgment to U. S. Markets.

We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact. *Howell v. Styles*, 221 Ga. App. 781, 784 (4) (472 SE2d 548) (1996). To prevail, the moving party must demonstrate that there is no genuine issue of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party,

support judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. Cox complains that the trial court erred in denying his motion for summary judgment because the guaranty failed to sufficiently identify the debt being guaranteed. Cox argues that because of this deficiency the guaranty failed to satisfy the Statute of Frauds and is unenforceable.

The pertinent language of the promissory note reads:

> For value received, the undersigned Premier Platforms, Inc. (the "Promisor") promises to pay to the order of U. S. Markets, Inc. (the "Payee"), at 741 S. Route 83, Elmhurst, IL 60126, (or at such other place as the Payee may designate in writing) the sum of $450,000.00 with interest from January 28, 2002, on the unpaid principal at the rate of 12.0 percent annually.

The adjoining guaranty stated that "Patrick Lee Cox unconditionally guarantees all the obligations of the Promisor under this Promissory Note, up to 10% of (the remaining principal balance, any outstanding interest or collection costs)."

The promise to answer for the debt of another must be in writing and signed by the party making the guaranty. OCGA § 13-5-30 (2). To satisfy the Statute of Frauds, the guaranty must identify the debt, the promisee and the promisor. *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 898 (2) (324 SE2d 746) (1984). Although Cox argues that the guaranty is unenforceable because it does not define the term "principal balance," "[i]f the writing, therefore, refer[s] to any other writing which can be identified completely by this reference, without the aid of parol evidence, then the two or more writings may constitute a compliance with the statute." (Citations and punctuation omitted.) Id. at 898-899 (2).

> [T]he statute of frauds does not require that all the terms of the contract should be agreed to or written down at one and the same time, nor on one piece of paper; but where the memorandum or the bargain is found on separate pieces of paper, and where these papers contain the whole bargain, they form together such a memorandum as will satisfy the statute, provided the contents of the signed paper make such references to the other written paper or papers as to enable the court to construe the whole of them together as containing all the terms of the bargain.

(Citations and punctuation omitted.) *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 482 (1) (445 SE2d 297) (1994). We have held that the Statute of Frauds is satisfied if the guaranty, "either in itself or in connection with other writings, identif[ies] the debt which is the subject of the promise, indicate[s] knowledge of both the amount promised to be paid and the time the debt becomes due, and show[s] who is the promisee as well as the promisor." (Citations omitted.) *Schroeder v. Hunter Douglas, Inc.*, supra, 172 Ga. App. at 898 (2).

The writing at issue here specifically incorporated the terms of the promissory note and amortization schedule which clearly identified the principal debt, as well as the principal balance at the times specified in the schedule. Thus, the trial court did not err in denying Cox's motion for summary judgment as to this issue.

2. We also find no merit to Cox's argument that the trial court erred in granting summary judgment to U. S. Markets because a material issue of fact exists as to whether the guaranty should be reformed. Cox contends that he agreed to guarantee payment of only ten percent of the new money loan portion of the corporate note, or $110,090, rather than the entire note amount of $450,000. Thus, he maintains, summary judgment was improperly granted to U. S. Markets because there remained a material issue of fact as to whether the guaranty should be reformed due to this mistake.

> A mutual mistake in an action for reformation means one in which both parties agree to the terms of the contract, but by mistake of the scrivener the true terms of the agreement are not set forth. [Cox] has shown no evidence of a mutual mistake or that the scrivener made a mistake. We are thus faced with the legal principle that once the agreement was reduced to writing, all negotiations antecedent thereto merge in the writing and the written agreement is thereafter binding on the parties even if the writing did not express the contract actually made. [Cox] cannot simply ignore the language of the contract and instead rely on pre-contract representations to claim a mutual mistake.

(Punctuation and footnotes omitted.) *Charania v. Regions Bank*, 264 Ga. App. 587, 589 (1) (591 SE2d 412) (2003).

The guaranty was attached to the promissory note, and the note clearly established that the principal amount was $450,000. The amortization schedule also reflected that principal amount. In fact, the sum of $110,090, which Cox maintains he was guaranteeing, is not noted on any of the documents. "When the terms of a contract are plain and unambiguous, we must enforce the contract as written, so

long as it is within the bounds of the law." (Footnote omitted.) *Charania v. Regions Bank*, supra, 264 Ga. App. at 590 (1).

3. Cox also contends that the trial court erred in not granting his motion to strike the affidavit of Peter Mastro or portions thereof.

In his motion to strike the affidavit of Mastro, the general manager of U. S. Markets, Cox complained, among other things, that the affidavit should be stricken in its entirety because it was devoid of any affirmative testimony setting forth how Mastro came to have personal knowledge of the facts contained in the affidavit. He argues that another affidavit demonstrated that Mastro was not employed with U. S. Markets when the note was signed. He also argues that the amortization schedule which was attached as "Exhibit 1" should be stricken as irrelevant and immaterial because it is not a business record reflecting actual dates of payments, but a forecast document of Premier's indebtedness. He further maintains that the paragraphs relating to the amount due on the debt should be stricken because there were no accompanying business records. See *Mountain Bound, Inc. v. Alliant FoodService*, 242 Ga. App. 557, 560 (3) (530 SE2d 272) (2000) (Affidavits purporting to establish the amount of the debt without accompanying business records, where appropriate, are insufficient.).

> It is well settled that affidavits in support of or in opposition to motions for summary judgment must set forth such facts as would be admissible in evidence. Irrelevant matter should be excluded. Hearsay, opinions, and conclusions in affidavits are inadmissible on summary judgment. And while a statement in an affidavit that it is based upon personal knowledge is generally sufficient to meet the requirement that affidavits be made upon such knowledge, if it appears that any portion of the affidavit was not made upon the affiant's personal knowledge, or if it does not affirmatively appear that it was so made, that portion is to be disregarded in considering the affidavit in connection with the motion for summary judgment.

(Citations and punctuation omitted.) *Langley v. Nat. Labor Group*, 262 Ga. App. 749, 751 (1) (586 SE2d 418) (2003). Likewise, "[w]here records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient. [Cit.]" *Taquechel v. The Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991).

Here, however, the Mastro affidavit relates to Cox's default on the loan owed to U. S. Markets, a fact of which Mastro as general

manager of the company would have personal knowledge. Cox's argument that Mastro was not present or the general manager of the company when he signed the note is irrelevant to his indebtedness and default. Moreover, we find no merit to Cox's argument that the amortization schedule was irrelevant and immaterial to the action. See generally *Carmichael v. Gonzalez*, 107 Ga. App. 746, 748 (1) (131 SE2d 149) (1963) (Amortization defined as "plan 'for the payment of an indebtedness.' "). Thus, the amortization schedule was properly attached to Mastro's affidavit as a business record that was relied on to establish Cox's debt.

Accordingly, we find no abuse of discretion in denying Cox's motion to strike Mastro's affidavit.

4. In his final enumeration of error, Cox argues that the trial court erred in granting U. S. Markets' motion for summary judgment because the company did not establish a prima facie case and right to judgment as a matter of law. Cox maintains that the errors enumerated above support this proposition. We have disposed of these arguments above, and simply reiterate that summary judgment was proper in these circumstances.

To the extent that Cox argues that his counterclaim for set-off was not addressed by the court, and U. S. Markets failed to pierce the offsetting counterclaim,

> [o]n appeal[,] an enumeration of error cannot be enlarged by a brief to give appellate viability to an issue not contained in the original enumeration. One cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold.

(Citations and punctuation omitted.) *Bob v. Hardy*, 222 Ga. App. 550, 554 (5) (474 SE2d 658) (1996).

Thus, there being no genuine issue of material facts presented to the trial judge, the trial court did not err in granting summary judgment in favor of U. S. Markets. See *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (1) (126 SE2d 442) (1962).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 17, 2006.

*Cohen, Goldstein, Port & Gottlieb, Neil A. Moskowitz*, for appellant.

*Mitchell S. Rosen*, for appellee.