A11A1475, A11A1476. WHITLOCK v. MOORE et al. (two cases).
(720 SE2d 194)

BLACKWELL, Judge.

A thief crashed a stolen van into a car occupied by Brenda and Ricky Whitlock, both of whom were injured in the crash. The Whitlocks each filed a lawsuit to recover damages for their injuries, naming not only the thief as a defendant, but also the rightful owner of the stolen van, Alvin David Moore, and his friend, Tram Nguyen. The Whitlocks allege that Moore and Nguyen negligently were chasing the thief at the time of the crash and, by their pursuit, actually caused the crash. Moore and Nguyen filed a motion for summary judgment, and when the Whitlocks offered the affidavit of a police officer in opposition to the motion, Moore and Nguyen moved to strike portions of the affidavit. The court below granted both motions. The Whitlocks appeal,[1] contending that the court below erred when it granted these motions. We find no error and affirm.

The record shows that, while Nguyen was visiting Moore at his home in Stone Mountain on the evening of November 14, 2007, the two friends saw someone stealing Moore's van, which had been parked in his garage. The van backed out of the driveway and sped away, causing the tires to squeal. Moore and Nguyen lost sight of the van as the thief drove away, so they went out in Moore's car to try and find the van. Nguyen drove the car in the direction in which the van had gone, while Moore called police from a mobile telephone and reported the theft of his van. When Moore and Nguyen came to the end of the street on which Moore lived, they still could not see the van,[2] and they decided to turn left onto a crossroad, guessing that the thief might have gone that way. After driving down this crossroad for

---

[1] Brenda Whitlock appeals in Case No. A11A1475, and Ricky Whitlock appeals in Case No. A11A1476. Both appeals present the same issues, and we decide both appeals in this consolidated opinion.

[2] We conclude in Division 1 of this opinion that the court below did not abuse its discretion when it struck certain portions of the affidavit of a police officer, including those portions in which the officer said that Moore, not Nguyen, was driving the car in which the two were searching for the van and that Moore and Nguyen never lost sight of the van. Because the court below was authorized to strike these portions of the affidavit, we do not consider these

some distance, Moore and Nguyen spotted the stolen van, which was stopped at a traffic light.

Moore and Nguyen pulled up behind the stolen van, and Moore exited his car and walked toward the van. The thief apparently saw Moore as he approached, and although the traffic light was red, the thief suddenly drove the van past the traffic light and turned left onto a busy four-lane road, nearly colliding with several other cars that were approaching the intersection. Moore returned to his car, and after the traffic light turned green, Moore and Nguyen turned left and began again to search for the van, which had disappeared once more from their view. Moore and Nguyen did not see the van again until they came upon the scene of the crash, about a mile down the four-lane road. By that time, the thief had abandoned the van and was running across the road, and other drivers already were out of their cars, attending to the injured Whitlocks. Moore exited his car again and chased the thief on foot, eventually apprehending the thief and holding him until police arrived.

1. We first consider the contention that the court below erred when it struck certain portions of the affidavit of a DeKalb County police officer, which the Whitlocks submitted in opposition to the motion for summary judgment. In the affidavit, the officer says, among other things, that he responded to the crash, interviewed several witnesses at the scene, including Moore, and as a result of these interviews, formed a number of opinions about the events preceding the crash and its cause. Some of these opinions were the subject of the motion to strike, and the court below struck the following averments from the affidavit:[3]

> [From my interview of Moore, I determined that] Mr. Moore immediately got into another car of his and chased [the thief] in the stolen van. Mr. Moore drove the car in pursuit of [the thief], never losing contact with the van up to the point of the accident. . . . It is my opinion that the accident involving [the thief] and [Ricky and Brenda] Whitlock would not have occurred had Mr. Moore not been chasing [the thief].

portions of the affidavit in our review of the award of summary judgment. The remaining evidence in the record is undisputed that Nguyen was driving and that Moore and Nguyen lost sight of the van, facts that we must accept for purposes of summary judgment.

[3] The court below also struck the narrative portions of the accident and hit-and-run reports that were attached as exhibits to the affidavit, concluding that these portions of the reports were inadmissible hearsay. The Whitlocks do not complain on appeal about the reports, and we do not address them further.

As a rule, an affidavit offered in support of, or in opposition to, a motion for summary judgment must set forth testimony that would be admissible if the affiant appeared as a witness at trial. See *Cox v. U. S. Markets*, 278 Ga. App. 287, 290 (3) (628 SE2d 701) (2006). To the extent that such an affidavit instead sets forth inadmissible hearsay, conclusions or opinions, it is entitled to no weight in the summary judgment analysis. See id. An affidavit must be made upon personal knowledge, see OCGA § 9-11-56 (e), and as our Supreme Court has explained, if it appears that any portion of an affidavit was not so made, "that portion is to be disregarded in considering the affidavit in connection with the motion for summary judgment." *Goddard v. City of Albany*, 285 Ga. 882, 887 (6) (684 SE2d 635) (2009) (citation omitted). Whether a specific averment of an affidavit is admissible and, therefore, ought to be considered on summary judgment is committed, like other evidentiary questions, to the discretion of the trial court, and we review a decision to strike an affidavit only for an abuse of that discretion. *Cox*, 278 Ga. App. at 291 (3); see also *Munoz v. American Lawyer Media*, 236 Ga. App. 462, 465 (2) (512 SE2d 347) (1999). We see no abuse of discretion here.

With respect to the averments that Moore, not Nguyen, drove his car in pursuit of the thief and that Moore and Nguyen never lost sight of the stolen van, it is undisputed that the officer did not himself observe the pursuit, and it is clear that these averments are based exclusively on an interview of Moore at the scene of the accident. What Moore said to the officer in the course of that interview might well be admissible as a statement against interest, see OCGA § 24-3-31, or, to the extent it contradicts the testimony Moore gave at his deposition, as a prior inconsistent statement. See *Cleveland v. Bryant*, 236 Ga. App. 459, 460-461 (3) (512 SE2d 360) (1999) (statements by party to police officer at scene of accident were admissible as statements against interest and, in view of the testimony of that party, as prior inconsistent statements). But the affidavit does not report what Moore said to the officer. Instead, the affidavit sets forth opinions that the officer formed after he spoke with Moore, which might or might not be consistent with what Moore actually said. And as for the averment that the crash "would not have occurred had Mr. Moore not been chasing [the thief]," it is equally clear that this averment likewise reflects only an opinion that the officer formed based upon his interviews of witnesses at the scene of the crash.

Although an experienced police officer can be qualified as an expert to give opinion testimony about the cause of a traffic accident, see *McMichen v. Moattar*, 221 Ga. App. 230, 231 (1) (470 SE2d 800) (1996), it remains settled law in Georgia that expert opinion testimony is unnecessary and improper if a jury would be able to

ascertain the cause of the accident on its own and without any such testimony. See id. Put another way, "expert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible [only] where the conclusion of the expert . . . is beyond the ken of the average layman." *Emory v. Dobson*, 206 Ga. App. 482, 483 (426 SE2d 50) (1992) (citation and punctuation omitted). Here, it appears that the opinions stricken by the court below are not based on an examination of physical evidence that jurors without training and experience in accident investigation might be unable to properly evaluate, such as "skid marks, distances, and the positions of and damage to the involved vehicles." See *Purcell v. Kelley*, 286 Ga. App. 117, 118 (1) (648 SE2d 454) (2007). Instead, these opinions seem to be based entirely on information that the officer learned from his interviews of witnesses at the scene. We have no reason to think that a jury cannot assess the statements of witnesses as well as an officer, and for this reason, the court below did not abuse its discretion when it disallowed the opinions of the officer about the circumstances of the pursuit of the stolen van and the extent to which the pursuit caused the crash. See id. (police officer could not properly opine about color of traffic light at time of accident where his opinion was based on interviews of witnesses at scene and not on investigation of physical evidence).

2. We next consider the contention that the court below erred when it awarded summary judgment to Moore and Nguyen. The standard for summary judgment is familiar and settled:

> Summary judgment is warranted when any material fact is undisputed, as shown by the pleadings and record evidence, and this fact entitles the moving party to judgment as a matter of law. So, to prevail on a motion for summary judgment, the moving party must show that there is no genuine dispute as to a specific material fact and that this specific fact is enough, regardless of any other facts in the case, to entitle the moving party to judgment as a matter of law. When a defendant moves for summary judgment as to an element of the case for which the plaintiff, and not the defendant, will bear the burden of proof at trial . . . the defendant may show that he is entitled to summary judgment either by affirmatively disproving that element of the case or by pointing to an absence of evidence in the record by which the plaintiff might carry the burden to prove that element. And if the defendant does so, the plaintiff cannot rest on his pleadings, but rather must point to specific evidence giving rise to a triable issue. We review the [grant or] denial of summary judgment de novo.

*Strength v. Lovett*, 311 Ga. App. 35, 39-40 (2) (714 SE2d 723) (2011) (citations and punctuation omitted). Applying this standard to the record before us, we conclude that the court below properly awarded summary judgment to Moore and Nguyen.

To prevail on a claim of negligence, a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach of duty caused the plaintiff to sustain an injury. See *Royal v. Ferrellgas, Inc.*, 254 Ga. App. 696, 698 (1) (a) (563 SE2d 451) (2002). In this case, the Whitlocks contend that Moore and Nguyen breached a duty to exercise ordinary care for the safety of other travelers on the roads by attempting to locate and pursue the thief. See *McKissick v. Giroux*, 272 Ga. App. 499, 501 (612 SE2d 827) (2005); see also *Reed v. Dixon*, 153 Ga. App. 604, 604 (1) (266 SE2d 286) (1980) ("[t]he legal requisite of the motorist as to parties on the street or highway, whether in other vehicles or as pedestrians, and whether child or adult, is the exercise of ordinary care") (citation, punctuation and emphasis omitted). When assessing the extent to which one owes a duty to another and whether he has breached that duty, "the governing consideration is what the person sought to be charged should reasonably have foreseen, the rule being that one is bound to anticipate the reasonable and natural consequences of his own conduct." *Porch v. Wright*, 116 Ga. App. 138, 138 (1) (156 SE2d 532) (1967). As we have explained before, "[o]ne is charged with knowledge or notice of what a reasonably prudent person would have foreseen, and is negligent if he fails to use the care necessary to avoid danger which should have been anticipated." Id. "Negligence must be measured by the particular circumstances existing at the time and place alleged. What is negligence in one situation might not be in another." Id. at 139 (1) (citations and punctuation omitted).

We think no jury could conclude that Moore and Nguyen breached any duty before they saw the thief drive the stolen van through a red light, almost colliding with several other cars. When Moore and Nguyen first set out in search of the stolen van, it was out of sight, and there is no evidence that they had any reason to think that merely going out to look for the van would endanger anyone. Indeed, the evidence suggests that Moore and Nguyen knew nothing important about the driver of the van at that time except that he was a thief. And there is no evidence that Moore and Nguyen had any reason to believe at that time that the thief knew that they were out looking for him, considering that the van had been out of their sight until they found it stopped at the traffic light. Moreover, no evidence shows that Moore and Nguyen themselves drove dangerously, or that they were aware that the thief was driving dangerously before they saw him run the red light. The Whitlocks point to no case in which

any court has held that simply driving down a public road in search of a stolen vehicle or a thief, without something more, presents such a danger to others that one has a duty not to do it, and we have found none.

After Moore and Nguyen saw the thief run a red light and nearly collide with several other cars, of course, they perhaps should have known that the thief might endanger others in an effort to escape confrontation or apprehension, and some reasonable people might think that they breached a duty of ordinary care at that point by continuing to pursue the thief. But even if Moore and Nguyen did breach a duty owed to other travelers on the roads by continuing their pursuit, there is no evidence from which a jury could conclude that any pursuit after the thief ran the red light caused the crash in which the Whitlocks were injured. It is undisputed that, by the time Moore and Nguyen turned left onto the four-lane road on which the crash occurred to continue their pursuit, the van was out of their sight,[4] and Moore and Nguyen did not see the van again until they came upon the crash.[5] The record contains no testimony or statements by the thief about the extent to which he knew at the time of the crash that Moore and Nguyen still were following at a distance. There is, therefore, nothing in the record to suggest that the thief was aware that Moore and Nguyen were continuing their pursuit between the time the thief ran the red light and turned onto the four-lane road, leaving Moore standing upon the road and Nguyen stopped at the red light, and the moment of the crash. Consequently, no jury could conclude that anything Moore and Nguyen did during that time affected the way in which the thief drove the van and thereby caused the crash.

"No matter how negligent a party may be, if his act stands in no causal relation to the injury, it is not actionable." *Purvis v. Steve*, 284

---

[4] Moore testified that, after the thief ran the red light and turned onto the four-lane road, he returned to his car. As he explained, "the light turns green. . . . And we leave. And there [were] cars . . . in both lanes, and so . . . we're stuck behind cars. . . . He's gone."

[5] The Whitlocks contend that a jury could infer that Moore and Nguyen were closer to the van during this stage of the pursuit than they admit, considering that Moore was able to capture the thief at the scene of the collision. But Moore's apprehension of the thief at the scene is consistent with the evidence that Moore and Nguyen did not encounter the van after it ran the red light until the scene of the collision, at which time the thief had already crossed the road on foot. Mere conjecture on the part of the Whitlocks is not sufficient to raise a proper inference that Moore and Nguyen caused the collision. "If circumstantial evidence raises only a mere conjecture as to the conclusion sought, there can be no recovery." *Handy v. DeKalb Medical Center*, 298 Ga. App. 82, 84 (679 SE2d 107) (2009) (citation and punctuation omitted).

> A plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough.

*Purvis v. Steve*, 284 Ga. App. 116, 119 (1) (643 SE2d 380) (2007) (citations and punctuation omitted).

Ga. App. 116, 119 (1) (643 SE2d 380) (2007) (citation and punctuation omitted); see also *Finney v. Machiz*, 218 Ga. App. 771, 773 (463 SE2d 60) (1995) (alleged negligence of driver in driving under the influence of alcohol is not actionable where the alleged negligence had no causal connection to accident). As the court below aptly explained, "[t]he mere fact that Defendants Moore and Nguyen were following the route traveled by [the] stolen van does not give rise to the inference that such an act was the cause of the subject accident where the competent admissible evidence of record proves otherwise." There is no evidence that Moore and Nguyen breached any duty and, by their breach, caused any injury to the Whitlocks, and for this reason, the award of summary judgment must be affirmed.

*Judgments affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 3, 2011 —
RECONSIDERATION DENIED NOVEMBER 22, 2011 — ■

*Slappey & Sadd, James N. Sadd, Daniel M. Epstein, Turkheimer & Hadden, John D. Hadden*, for appellants.

*Harper, Waldon & Craig, Russell D. Waldon, Arnold & Taylor, Erica L. Parsons, Carlock, Copeland & Stair, Frederick M. Valz III, Freeman, Mathis & Gary, Marc H. Bardack, Downey & Cleveland, Russell B. Davis*, for appellees.